## 59530. MOTZ v. LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE.

SOGNIER, Judge.

Landmark First National Bank of Fort Lauderdale (Bank) filed a complaint against Charles S. Motz (Motz) seeking judgment against him on a promissory note from Earth Services Organization, Inc. (Earth Services) to the Bank and endorsed by Motz and Dickey (the president of Earth Services).

Motz defended on several grounds, including waiver and release, accord and satisfaction, lack of consideration, payment, duress and fraud, failure to properly apply payment, change of the obligation, failure to promptly seek collection and finally disability under Georgia law to bring the action. He also filed a counterclaim based upon fraudulent inducement, failure to furnish information under the Securities Act, the Exchange Act and the Georgia Act, breach of the guarantee agreement to apply payments, malicious prosecution of this action and finally malicious abuse of process seeking punitive damages and actual damages. Depositions of Motz and a Bank officer were taken and various correspondence of Motz was identified and introduced. Motz' deposition and correspondence showed that he had endorsed Earth Services' note originally on December 10, 1974 and re-endorsed renewal notes from time to time until the subject note was endorsed on April 27, 1977, it being due and payable in full on August 1, 1978.

The lower court granted the Bank's motion for summary judgment and dismissed Motz' counterclaim.

Several enumerations of error are raised.

1. The appellant contends that his endorsement of the note was

a contract of guaranty which required independent consideration. We do not agree. Motz' endorsement was entitled "personal endorsement" and contained no restrictions or conditions which would imply a contract of guaranty under Code Ann. § 109A-3—416. Motz stated in his deposition that he endorsed so the Bank would make the loan to Dickey (Earth Services). Under Code Ann. § 103-104 an accommodation endorser is likened to a surety, not a guarantor. A person who lends his name to another party to a negotiable instrument in any capacity is an "accommodation party." Code Ann. § 109A-3—415. He is an accommodation party regardless of whether he received any compensation for so acting or did so gratuitously, and he cannot legally assert lack of consideration for his accommodation since the value received by the principal debtor is the consideration for which the accommodation party bargained. *Lewis v. Citizens &c. Nat. Bank,* 139 Ga. App. 855, 857 (229 SE2d 765) (1976); *Foote v. Citizens &c. Nat. Bank,* 139 Ga. App. 863 (229 SE2d 771) (1976). Motz falls within this definition, and this enumeration is without merit.

2. Motz claims he should have been discharged from liability under the endorsement since he was induced to sign the endorsement by fraudulent statements of the Bank. Motz' correspondence and deposition negate completely the allegations of fraud. Motz states that the Bank made no representations to him, and he dealt with Dickey, president of Earth Services. The only support Motz offers for his allegation of fraud were statements made to him by *Dickey* that it was not Motz' debt and that the Bank's representative agreed that the debt was Dickey's. This was not a misrepresentation by the Bank. The essential elements of fraud and misrepresentation were lacking, and irrespective of any issues of fact with regard to other essential elements, the Bank was entitled to a summary judgment on the issue of fraud. *Foster v. Economy Developers, Inc.,* 146 Ga. App. 282, 285 (246 SE2d 366) (1978); *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 614 (221 SE2d 35) (1975). The record also discloses that Motz periodically endorsed renewal notes from 1974 until 1977. Motz admitted that in 1977 suit was filed against Dickey and himself. A negotiated settlement was reached and Motz signed a renewal note. Under the circumstances, any claim of fraud Motz may have had was waived by his execution of the renewal notes. " 'The renewal of a note . . . in order to obtain an extension of time for payment, done with knowledge of defenses . . . works an estoppel to urge, against the subsequently executed instrument, the defenses of which the maker had knowledge at the time.' " *Citizens Bank, Douglasville v. Wix,* 154 Ga. App. 249 (1980); *Massey v. Electrical Wholesalers, Inc.,* 137 Ga. App. 829 (1) (224 SE2d 811) (1976).

3. Appellant next claims he was discharged from liability by the Bank's failure to diligently pursue remedies available against Earth Services and Dickey, and by failing to proceed to collect from Earth Services (the principal) after receiving notification from Motz to do so pursuant to Code Ann. § 103-205.

Code Ann. § 103-205 provides: "Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent, or any person having possession or control of the obligation, to proceed to collect the same from the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, as well as all subsequent indorsers and all cosureties, shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county in which the principal resides."

The record discloses Motz gave notice to the Bank to sue Dickey, the *endorser,* setting forth Dickey's county and residence. However, Code Ann. § 103-205 requires notice to the creditor to proceed against the *principal* not the endorser. The notice to proceed against Earth Services, the principal, failed to give "the county in which the principal [Earth Services] resides." Notice to a creditor to proceed is ineffective unless it states the county in which the principal resides. This requirement is mandatory under the statute. *Glasser v. Decatur Lumber & Supply Co.,* 95 Ga. App. 665 (99 SE2d 330) (1957). No presumption exists that the corporation's residence is that of its president.

4. Appellant claims it was error for the trial court to grant summary judgement while a motion to compel answers to interrogatories and production of documents was pending. Normally, such practice is not condoned. Here, appellant contends discovery would be relevant to his fraud claim. However, as pointed out in Division 2, Motz' deposition, his correspondence, and his waiver foreclosed any allegation of fraud. Under these circumstances we find that appellant's disallowed discovery requests would add nothing of substance to his claim. Aviation Spec., Inc. v. United Technologies Corp., 568 F2d 1186 (1978); Washington v. Cameron, 411 F2d 705 (1969).

5. Appellant contends that it was error to grant summary judgment on the Bank's claim while his counterclaim was pending. Based on this court's opinion in *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872 (264 SE2d 489) (1980), we find this enumeration to be without merit.

6. Finally, dismissing Motz' counterclaim sua sponte was not error. Summary judgment in favor of the Bank's claim was dispositive of the issues raised by the counterclaim. *Cruce v. Randall,* 152 Ga. App. 183 (262 SE2d 488) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MARCH 5, 1980 — DECIDED
JUNE 13, 1980.

*Edgar H. Sims, Jr., Frank A. Lightmas, Jr.,* for appellant.
*K. Morgan Varner, III,* for appellee.