## 63549. SHUMAN-MANN SUPPLY COMPANY, INC. v. WEAVER et al.

CARLEY, Judge.

Plaintiff-appellant brought suit in two counts against defendant-appellees. In Count I, appellant, having obtained a judgment against the contractor of appellees' house for materials supplied in its construction, sought "a special lien in the amount of its judgment . . . upon the property owned by [appellees] . . ." In Count II, added by amendment subsequent to the filing of appellees' motion for summary judgment in the action, appellant sought to recover alternatively on open account for the materials supplied, on the theory that the contractor was the undisclosed agent of appellees. Appellant appeals from the grant of summary judgment to appellees as to both counts.

1. With regard to Count I, it is essentially appellees' position that the contractor abandoned the work and that the cost to them of completing the home together with the payments previously made to the contractor exceeded the entire contract price. See *E. Smith Heating &c., Inc. v. Biggers,* 139 Ga. App. 216 (1) (228 SE2d 203) (1976). "To this statement of the law must be added a proviso that the owner is required to show that the sums paid to the contractor were

properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained. [Cits.]" *Jones Mercantile Co. v. Lyn-Har, Inc.,* 245 Ga. 812 (267 SE2d 251) (1980).

Assuming without deciding that appellees successfully bore their burden of otherwise proving their asserted defense to Count I, we are unable to hold that they met the burden of proving that such sums as had been paid to the contractor prior to abandonment of the project "were properly appropriated to materialmen and laborers." Construing the evidence as we must on summary judgment, testimony that such sums as appellees had paid to the contractor were "spent" on the project or "expended in the performance of the contract" does not demonstrate the asserted defense as a matter of law. Such sums may have been "spent" or "expended" by the contractor yet not be properly pled as a credit against a materialman's foreclosure suit. "[T]he owner is bound for the contract price and is bound to see that to the extent of this price the amounts paid to the contractor are appropriated by him to the payment of *valid claims of materialmen and laborers ... If the owner pays to the contractor any sum of money which is not applied to the discharge of claims of materialmen and laborers,* then the owner would be liable to the extent of the amount not so applied ..." (Emphasis supplied.) *Green v. Farrar Lumber Co.,* 119 Ga. 30, 33 (46 SE 62) (1903).

Sums may be spent or expended by the contractor, yet those sums may not necessarily have been "applied by the contractor to the settlement of debts incurred in the performance of his contract, which would have been liens upon the property improved. The burden is upon the property owner to show that the money which was paid to the contractor was applied *only* to liens which could be asserted against the property. [Cit.]" (Emphasis supplied.) *Tuck v. Moss Mfg. Co.,* 127 Ga. 729, 731 (56 SE 1001) (1903). To give but one example, "the property owner can not plead, as a credit on the contract price, such sum as was appropriated by the contractor as reasonable compensation for his personal labor or for his teams employed in performing his contract." *Tuck,* 127 Ga. 729 (1), supra. In the instant case, testimony that the contractor did not "divert" any of the money paid to it "and go off and trade cars" does not negate the possibility that the contractor "retained" some of the money or otherwise spent or expended it other than in satisfaction of valid materialmen and laborers claims. See generally *Tuck,* 127 Ga. 729, 731 (1), supra; *Prince v. Neal-Millard Co.,* 124 Ga. 884, 894 (53 SE 761) (1905).

On the record before us it is not sufficiently established for

purposes of summary judgment whether such sums as appellees paid their contractor prior to abandonment were in fact expended in satisfaction of the valid claims of materialmen and laborers. It may well be that the sums were in fact paid in satisfaction of such valid claims. Appellees would have us construe the evidence most favorably for them and reach this conclusion. This we cannot do. Accordingly, we reverse the grant of summary judgment as to Count I.

Having reversed for the reason discussed above, we need not determine if there remained genuine issues of material fact as to other elements of appellees' defense. We would only note that at the time summary judgment was granted to appellees there was pending in the trial court appellant's motion to compel discovery. The record before us contains no order ruling on appellant's motion to compel more complete responses to certain interrogatories which were directed toward discovering evidence potentially relevant in ascertaining the basis for appellees' asserted defense. Thus it appears that summary judgment was granted to appellees before the trial court ruled on appellant's motion to discover ostensibly relevant information. "[S]uch practice is not condoned." *Motz v. Landmark First. Nat. Bank,* 154 Ga. App. 858, 860 (270 SE2d 81) (1980).

2. We turn to the propriety of the grant of summary judgment as to Count II. The evidence as regards this count is confusing at best. In the first instance it is unclear exactly when the contractor "abandoned" the project. Construing the evidence most strongly against appellees, it appears that for sometime after the date that appellees contend the project was abandoned and they took over construction, an officer of the original contractor continued to work on the house, purchasing material from appellant to do so. It is not affirmatively established in what capacity these materials were ordered. Presumably if the contractor had "abandoned" the project on the date asserted by appellees, the subsequent purchase of material from appellant by an officer of the abandoning contractor was not made in the capacity of agent for that contractor. Since appellees also assert that they completed construction of the house after the contractor abandoned it, the subsequent purchase of materials by the contractor's officer could have been in his capacity as agent for appellees. "If [the officer of the abandoning contractor] was not an independent contractor, but was the mere agent or servant of the owner, and if the materials were purchased either by the owner himself or by [the officer of the abandoning contractor] as agent of the owner as undisclosed principal, the materialmen would be entitled to foreclose their liens against the real estate, irrespective of the amounts which the owner may have paid to others for labor and

material; and in such a case the defense which was sought to be asserted by the defendants would not be available." *Robinson v. Reese,* 175 Ga. 574, 580 (165 SE 744) (1932). The question of date of abandonment and the capacity in which the contractor's officer purchased the materials from appellant remains unresolved on the record before us. The burden was on appellees, as movants for summary judgment, to prove that the materials were not bought by the contractor's officer in a capacity as their agent. This burden was not met. Accordingly, it was error to grant appellees' motion for summary judgment as to Count II.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 25, 1982.

*John M. Brown,* for appellant.
*Richard D. Tunkle, Frank Sutton,* for appellees.