## 66758. SOUTHERN TRUST INSURANCE COMPANY v. BRANER.

SOGNIER, Judge.

Braner sued Southern Trust Insurance Company (Southern Trust) to recover fire loss benefits under an insurance policy. The insured property was a second residence for Braner who took possession of it January 1, 1982. The policy was issued by Southern Trust to Braner in December 1981 and provided coverage on the dwelling place in the amount of $40,000. On March 23, 1982, Braner increased the coverage on the dwelling place to $55,000 and obtained additional coverage of $44,000 for appurtenant private structures, unscheduled personal property, and additional living expense. On April 5, 1982, the dwelling place was completely destroyed by fire.

Braner filed the instant action August 30, 1982, after Southern Trust neither paid nor denied his claim. Southern Trust filed its answer, making a general denial of Braner's right to recover under the

policy, and admitting that the policy was in effect on the date of the fire and that Braner had timely notified it of the loss and requested proof of loss forms. Braner filed a motion for summary judgment. Southern Trust filed a motion to compel Braner to answer interrogatories seeking certain financial information. Both motions came on for hearing on the same day. The trial court granted summary judgment in favor of Braner and denied Southern Trust's motion to compel. Southern Trust appeals.

1. Appellant contends that the trial court erred by granting appellee's motion for summary judgment, arguing that questions of fact existed as to its defense of arson. Braner's motion for summary judgment was supported by an affidavit setting forth facts to demonstrate fulfillment of the policy's conditions precedent to recovery. Southern Trust submitted evidence, including Braner's sworn statement in his proof of loss, showing the following: Braner had increased the overall coverage on the property from $40,000 to $99,000 two weeks before the fire; Braner's checking account was overdrawn between January 21, 1982 and May 20, 1982, the date of the fire being April 5, 1982; Braner had left the house locked the day before the fire and was the only person with access to it; and Braner had insisted upon an arson investigation saying that he knew of no other reason the fire could have occurred.

"[I]t has been held that to establish a prima facie case of incendiarism for the purpose of denying coverage under a fire policy it is sufficient to show: arson by someone; motive by the suspect; and unexplained surrounding circumstantial evidence implicating the suspect." 21B Appleman, Insurance Law & Practice 90-91, § 12682. Giving appellant, as the party opposing the motion for summary judgment, the benefit of all favorable inferences, *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408) (1962), we accept as true appellee's stated belief that the fire was caused by arson. However, "it is not that the fire is incendiary in origin that defeats recovery — it is that the Assured, either personally or through agents, has caused or procured the fire to be set." Hanover Fire Ins. Co. of N. Y. v. Argo, 251 F2d 80, 81 (5th Cir. 1958). Thus, there must be evidence linking appellee to the arson.

While a recent increase in coverage may be material to a showing of motive, (see Rudison v. Mich. Millers Mut. Ins. Co., 152 S2d 407, 410 (La. 1963)), the evidence in the instant case was uncontroverted that appellee increased his coverage to the amounts set forth above at the suggestion and on the advice of his insurance agent after appellee had made improvements to and furnished the dwelling place. The mere fact that appellee's checking account was in overdraft status in amounts ranging from $250 to $900 for the three months before the

fire was insufficient to show a level of financial distress that would raise an inference of motive for arson. See Wallace v. State Farm Fire &c. Ins. Co., 345 S2d 1004, 1008 (La. 1977); Headrick v. Penn. Millers Mut. Ins. Co., 232 S2d 319 (La. 1970); Barbari v. Firemen's Ins. Co., 107 S2d 480 (La. 1958); Graves v. M. F. A. Mut. Ins. Co., 446 SW2d 154, 158 (3, 4) (Mo. 1969). Appellant contends that appellee's sworn statement established that he was not financially able to purchase, maintain and make the payments on the subject property. However, we have found nothing in the statement or elsewhere in the record to support this contention. The uncontroverted evidence showed that appellee had made the payment on the property due on January 1, 1982, that the next payment was not due until January 1983, and that appellee and his wife both worked full-time, had substantial assets, and had financial back-up available from the wife's parents if needed.

Finally, no evidence of suspicious circumstances surrounding the occurrence of the fire was presented. Compare *Rollins v. Great Southwest Fire Ins. Co.,* 162 Ga. App. 139 (1) (290 SE2d 353) (1982); *Smith v. Federated Mut. Implement &c. Ins. Co.,* 124 Ga. App. 693 (185 SE2d 588) (1971). Without more, the fact that appellee had exclusive access to the property, as many if not most property owners do, raises no inference of incendiarism on his part.

Whether a fire loss resulted from arson caused or procured by the insured is normally a question for the jury. See Argo, supra at 82; Adams Machine &c. Co., v. MFB Mut. Ins. Co., 479 F2d 439, 440 (5th Cir. 1973); Powell v. Merrimack Mut. Fire Ins. Co., 80 FRD 431, 432 (N. D. Ga. 1978). However, the evidence in the instant case was insufficient to raise even an inference of arson caused or procured by appellee that would have authorized a jury to find in favor of appellant. Appellee made out a prima facie case for recovery. "If the movant carries his initial burden, as was done in this case, and the respondent does not present refuting evidence that is adequate to raise an issue of fact, a summary judgment for the movant must be granted." *Richards v. Tolbert,* 232 Ga. 678-679 (208 SE2d 486) (1974). "[W]hile there may be some 'shadowy semblance of an issue' [cit.], the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion. [Cits.]" *McCray v. Hunter,* 157 Ga. App. 509, 511-512 (277 SE2d 795) (1981). The trial court did not err in granting summary judgment in favor of appellee.

2. Appellant contends that the trial court erred by denying its motion to compel discovery after appellee objected to certain interrogatories pertaining to his financial status. The record shows that appellee answered a number of interrogatories concerning his income, assets, and financial status, but he objected to questions

about the income from his farming operation and his wife's inheritance, and to requests for documentation of the value of goods lost in the fire and for copies of his federal and state income tax returns for the five years preceding the fire.

The granting of a motion for summary judgment while a motion to compel answers to interrogatories or other discovery is pending is a practice normally "not condoned." *Shuman-Mann Supply Co. v. Weaver,* 162 Ga. App. 422, 424 (291 SE2d 562) (1982); *Motz v. Landmark First Nat. Bank,* 154 Ga. App. 858, 860 (4) (270 SE2d 81) (1980). In the instant case, the trial court ruled on the motion to compel at the same time that it granted appellee's motion for summary judgment, noting in its order that the type of information sought by appellant was discoverable in order to show arson by the insured, (see Powell, supra, at 433), but denying the motion to compel on other grounds.

The trial court's error, if any, in denying appellant's motion to compel appellee's answers to its interrogatories and granting appellee's motion for summary judgment was harmless. We have examined the interrogatories to which appellee objected and hold as a matter of law that the information appellant sought would have been insufficient to raise a jury question on appellant's defense of arson. See *Motz,* supra; Aviation Specialties, Inc. v. United Technologies Corp., 568 F2d 1186, 1189 (5th Cir. 1978); Parish v. Howard, 459 F2d 616, 619-620 (8th Cir. 1972); Strickland v. Dri-Spray Div., 275 SE2d 503, 506 (N. C. 1981). "[A] mere request for answers to interrogatories will [not] operate to bar the trial court from acting on a motion for summary judgment. It is incumbent upon the party seeking answers to demonstrate that his inquiry is directed toward establishing the 'material facts' and that upon receipt of those answers he will be armed to defend against that motion." Washington v. Cameron, 411 F2d 705, 711 (D. C. Cir. 1969). Appellant has not made such a showing. We note, also, that the motion to compel was heard and ruled on at the same time as the motion for summary judgment, apparently without objection by the appellant, which might have sought to have the trial court rule on the motion to compel before the motion for summary judgment was heard, but did not do so. The trial court did not err in denying appellant's motion to compel.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 10, 1984 —
REHEARING DENIED JANUARY 26, 1984 — ■

*Dana F. Braun,* for appellant.

*William J. Neville, Jr., George Skene,* for appellee.