70804. PRECISION PRINTERS, INC. v. CENTRAL MUTUAL INSURANCE COMPANY.
(334 SE2d 914)

DEEN, Presiding Judge.

At approximately 6:00 p.m. on Saturday, December 23, 1979, a fire immediately preceded by two explosions occurred at the office of appellant Precision Printers, Inc. (Precision), the explosions and fire virtually destroying the entire operation and its assets. Precision, through its owner and president William Mize, notified appellee Central Mutual Insurance Co. (Central), which had issued a policy insuring the building and its contents and another policy insuring the company-owned van, which at the time of the fire was garaged in the rear portion of the building. Mize submitted proofs of loss, according to the terms of the policies.

After receiving the results of the investigations of the DeKalb Arson Squad and of Versitech Engineering, a private consulting firm, Central denied the claim because there was evidence that the fire had been deliberately set. The investigations revealed the following: (1) the drawers of all the file cabinets containing the company's records had been pulled open and gasoline splashed over the exposed con-

tents; (2) accelerants (gasoline and kerosene) were present throughout the premises, as indicated by burn patterns on the floor and carpet and on the papers in the files; (3) the heating and electrical systems could be eliminated as causes of the explosions and fire on the basis of certain scientific tests and observations, as could the van; and (4) there were no signs of forced entry. Precision brought an action, against Central, seeking enforcement of the insurance contracts. Central counterclaimed, alleging fraud and deceit and seeking actual and exemplary damages.

At trial there was adduced a large volume of evidence as to a motive for Mize's having deliberately set fire to the premises. Both Mize personally and Precision were in debt, and there were lawsuits and judgments pending against them; Mize had recently been attempting to sell the business; recent sales were shown to be far below what they had been reported to be; assets were dwindling and key employees had quit their jobs; despite Mize's averments that the business was in good condition, employees and the business broker whom Mize had hired to evaluate the business with a view to sale stated that the enterprise was barely functioning and was worth considerably less than the balance on the bank loan with which Mize had purchased it; there was evidence that Mize was personally at risk for at least $220,000, the amount sought in the proofs of loss tendered to Central. Analysis by an independent accountant showed that the records which Mize had tendered to Central had been altered from the originals; these discrepancies were further attested to by Mize's former bookkeeper. Moreover, it was brought out that Mize had one of only four keys to the business premises, and that the alibis which Mize and his son had attempted to establish were contradicted by the testimony of witnesses in whose company they claimed to have been during the crucial time period. Mize acknowledged that he had been on the premises of the business earlier on the day of the fire but insisted that everything had been in normal condition when he left; i.e., the file cabinets were closed, there were no gasoline or kerosene spills, etc.

The jury found for defendant Central, and the trial court entered a judgment ordering that neither party recover anything of the other. On appeal Precision enumerates the following errors: the trial court improperly refused to give certain requested jury instructions; the trial court erred in admitting the testimony of defense witness Charles Morgan, the accountant, because plaintiff/appellant had allegedly had no opportunity to depose him; the court further erred, under the ruling in *Southern Trust & Ins. Co. v. Braner*, 169 Ga. App. 567 (314 SE2d 241) (1984), in refusing to grant Precision's motion for directed verdict, for judgment notwithstanding the verdict, and for a new trial. *Held*:

1. Both of the challenged jury instructions were derived from the court's holding in *Southern Trust & Ins. Co. v. Braner*, supra. In that case an insured was granted summary judgment against the insurer because there was no direct evidence that the insured's home had been put to the torch, and what circumstantial evidence there was fell far short of the criteria established by Georgia law for proof of illicit activity. See OCGA § 24-4-6. As to the requested jury charge No. 7, *Braner* clearly states, at 569, that exclusive access to the property "without more" raises no inference of incendiarism by the property owner. In the instant case there was a great deal more evidence, both of the factum of arson and of the identity of the perpetrator, than the mere fact that Mize had one of a very limited number of keys — particularly the confirmed presence of gasoline and kerosene throughout the premises and the timing and force of the initial explosions. The impeachment of Mize's alibi testimony is another significant factor. In the instant case, the proven facts are consistent with the inference that arson was committed — and committed by or at the behest of Mize — and tend to exclude every other reasonable inference. The charge as given was properly adjusted to the evidence and therefore not erroneous.

Likewise, charge No. 8 was properly refused by the trial court because it does not accurately reflect current Georgia law. Contrary to appellant's contentions, financial difficulties constitute one factor to be weighed in determining the existence of a motive for arson. *Powell v. State*, 171 Ga. App. 876 (321 SE2d 745) (1984); *Kennedy v. State*, 172 Ga. App. 336 (323 SE2d 169) (1984). In *Braner*, supra, the evidence of the insured's financial difficulty was much less extensive than that in the case at bar. The second and third enumerations are devoid of merit.

2. Appellant's allegation that the admission of Morgan's testimony was error is also without merit. Discovery in this case lasted for four years, the trial finally beginning June 15, 1984. The defendant/appellees informed plaintiff/appellant on March 20, 1984, that they planned to call one of three named persons from the accounting firm to testify as to the financial records and the status of Precision Printers. Plaintiff/appellant apparently did not seek to schedule the deposition until a few days before the trial, at which time Morgan was testifying under subpoena in federal court in Florida. The accounting firm instead sent Morgan's supervisor to be deposed. Appellant's failure to depose Morgan was due, then, not to any act or omission on appellees' part, but to plaintiff's own lack of diligence. Invited error is not grounds for review by this court. *Dodd v. Dodd*, 224 Ga. 746 (164 SE2d 726) (1968); *Chance v. State*, 172 Ga. App. 299, 302 (322 SE2d 741) (1984). Appellant's fifth enumeration is likewise without merit.

3. The impeachment of Mize's credibility by evidence showing

that his records asserting the value of items destroyed in the fire were inaccurate provided sufficient authorization to justify, as a matter of law, a partial directed verdict on the issue of value. OCGA § 9-11-50 (a). Because the jury found no liability at all on Central's part, however, this issue is moot, and the fourth enumeration devoid of merit.

4. In view of all the evidence presented, we find that there was sufficient competent evidence to enable a rational trier of fact to find an evidentiary preponderance pointing to the conclusion that the fire was of incendiary origin and that Mize was the person who either set it or caused it to be set. *Kennedy v. State*, supra. The appellate court considers the sufficiency of the evidence, not its weight. *Whitten v. State*, 143 Ga. App. 768, 772 (240 SE2d 107) (1977).

The court notes that while appellant in the case before us relies heavily on *Southern Trust & Ins. Co. v. Braner*, supra, to support a number of his major contentions, the facts of *Braner* are so different from those of the case *sub judice* as to make *Braner* inapposite to a resolution of the issues on appeal. Mr. Braner, the insured, insisted upon an arson investigation because he could conceive of no other way the fire could have started, but there were no facts present in *Braner* which positively indicated that the fire had been deliberately set. In the instant case, on the other hand, Mize expressly disavowed the possibility of arson, and the combination of such circumstances as the open file drawers and the presence of accelerants throughout the premises renders almost nil the possibility of accidental cause of the conflagration. The facts of *Powell v. State*, supra, and *Kennedy v. State*, supra, in which the trial court found arson, are much closer to the facts present in the instant case than are those of *Braner*. See our discussion of circumstantial evidence in Division 1, supra.

The trial court properly denied appellant's motions for directed verdict, judgment n.o.v., and a new trial, and appellant's first, sixth, and seventh enumerations are meritless.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 11, 1985.

*James B. Deal, Michael J. King, A. O. Bracey III*, for appellant.
*Frank J. Klosik, Jr., Frederick M. Valz III*, for appellee.