**EAST PARK, INC., Shorty's Famous Steakhouse, Inc., and Virginia Cribb, Individually and d/b/a Shorty's Steakhouse, Plaintiffs-Appellees,**

v.

**FEDERAL INSURANCE COMPANY, Defendant-Appellant.**

No. 85–8794.

United States Court of Appeals, Eleventh Circuit.

July 23, 1986.

Clayton H. Farnham, Richard K. O'Donnell, Atlanta, Ga., for Federal Ins. Co.

William P. Langdale, Jr., Valdosta, Ga., for Shorty's.

John F. Daugherty, Atlanta, Ga., for East Park.

Before RONEY and CLARK, Circuit Judges, and GIBSON *, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge:

Federal Insurance Company ("Federal") appeals from the district court's grant of summary judgment to plaintiffs East Park, Inc. and Shorty's Famous Steakhouse, Inc. ("Shorty's"). East Park and Shorty's brought suit to recover insurance proceeds for fire damage to Shorty's Famous Steakhouse, a restaurant owned by them and located on Madison Highway, south of Valdosta, Georgia. We reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

## I. FACTS

Fire broke out in Shorty's Steakhouse in the early morning hours of January 1, 1983. Before the building was completely destroyed, a deputy sheriff who was first to arrive at the scene checked all of the doors and windows of the building and

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

found that all of the doors were locked and that none of the windows were of a type that could be opened. Further, the deputy looked for but discovered no evidence of forced entry. After the fire units arrived at the building, the deputy and a detective found plastic buckets containing green fuel and linked together with fuel-soaked cotton string. Only one of the buckets could be removed before an explosion occurred, which ultimately rendered the building a total loss.

Federal, which had issued a fire insurance policy to East Park and Shorty's on the building that had burned and its contents, hired a fire reconstruction expert to determine the cause and origin of the fire. The expert, Mr. Don Dowling of Kennedy & Kennedy, Inc., determined that the buckets—five in all—found by the deputy and the detective at the time of the fire were the source of the fire. The buckets had been filled with flammable liquid, placed to span the length of the insured premises, and connected by cotton string trailers. From his investigation Dowling concluded not only that the fire was of incendiary origin, but that judging from the effort put into setting up the buckets and trailers, the fire was a well-planned, thorough, and professional attempt to destroy the entire premises. Dowling further concluded that the arsonist gained entrance to the building with a key.

Following the fire, Mr. Segars opened a new Shorty's Steakhouse on North Valdosta Road in North Valdosta. When Federal failed to pay the proceeds under the policy on the burned building, East Park, Shorty's, and Virginia Cribb (individually and d/b/a Shorty's Steakhouse) brought this suit in state court in 1983. The case was removed to federal court and ultimately transferred to the United States District Court for the Middle District of Georgia. The plaintiffs sought the insurance proceeds as well as damages for bad faith and defamation. Cribb also sought to have the policy reformed to include her as a named insured. In its answer Federal raised as a defense to liability under the policy that the plaintiffs or someone on their behalf had intentionally burned the insured property.

Following discovery, all three plaintiffs filed a motion for partial summary judgment on the issue of Federal's liability for the damage to the real property. The district court granted the motion, holding that the facts did not establish all the elements of arson. The district court denied Cribb's separate motion for partial summary judgment on the reformation issue, and also ruled that plaintiffs had abandoned their defamation claims.

The case was set for jury trial for the week of June 3, 1985 on the remaining issues of the amount of loss, ownership of the personal property destroyed in the fire, Federal's alleged bad faith, and attorneys' fees. At a pretrial conference on May 29, 1985, the parties reached a final settlement as to the personal property claims and a conditional settlement as to all other claims. The district court entered an order on September 10, 1985, ostensibly setting out those settlements. In the order the court dismissed with prejudice all claims as to personal property on behalf of all the plaintiffs. Finding that all of Virginia Cribb's claims had thus been resolved, the court also dismissed her claims with prejudice. The court stated that the rest of the settlement agreement was contingent on this court's action in this appeal. If this court were to affirm the district court's summary judgment order on the liability issue, all issues except attorneys' fees on appeal would be settled. If, however, this court were to reverse the grant of summary judgment, the contingent settlement agreement would not take effect and all issues except the personal property claims, which were dismissed with prejudice, would go to trial. The contingent settlement agreement stipulates to the value of the building and the amount of attorneys' fees, and provides for a bad faith penalty against Federal equal to 25% of the amount due under the policy (the maximum penalty allowed under Georgia statute). Also in its September 10th Order the district court entered final judgment on its earlier grant of partial summary judgment on the liabili-

ty issue, as well as on all personal property claims and all of Virginia Cribb's claims.

Contending that the September 10th Order did not accurately reflect the settlement agreement reached among the parties, Federal filed a motion for relief from final judgment and a motion to modify or vacate the Order. The district court denied both motions on November 6, 1985. Federal now appeals to this court, claiming that the district court erred in granting summary judgment because questions of material fact exist as to Federal's arson defense. Federal further argues that if this court does not reverse the grant of summary judgment, the September 10th Order should be modified or vacated because it inaccurately states the stipulations made by the parties in the contingent settlement agreement.

## II.  DISCUSSION

In reviewing a decision granting or denying summary judgment, this court applies the same standards used by the district court to determine whether summary judgment is appropriate in a given case. *Mercantile Bank & Trust Co. v. Fidelity Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985); *Thrasher v. State Farm Fire & Casualty Co.*, 734 F.2d 637, 638 (11th Cir.1984). The moving party bears the burden of demonstrating that no genuine dispute exists as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Mercantile Bank & Trust*, 750 F.2d at 841. When determining whether a movant has met its burden, the courts review the evidence and all factual inferences therefrom in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608; *Mercantile Bank & Trust*, 750 F.2d at 841. Any reasonable doubt about the facts is also resolved in favor of the non-moving party. *Mercantile Bank & Trust*, 750 F.2d at 841.

The Georgia Supreme Court appears never to have reached the question of what constitutes a prima facie case of arson for the purpose of denying coverage under a fire policy. In two fairly recent Georgia Court of Appeals decisions that court developed two slightly varying formulas establishing the elements of an arson defense. In *Fortson v. Cotton States Mutual Insurance Co.*, 168 Ga.App. 155, 157, 308 S.E.2d 382, 385 (1983), the court held that an insurance company asserting an arson defense must show that: (1) the fire was of incendiary origin; (2) the insured had the motive to have the fire set; and (3) the insured had the opportunity to have the fire set. Four months later in *Southern Trust Insurance Co. v. Braner*, 169 Ga. App. 567, 568, 314 S.E.2d 241, 243 (1984), the court listed as the elements of arson: (1) incendiarism by someone; (2) motive by the suspect; and (3) unexplained surrounding circumstantial evidence implicating the suspect. In *Forbus v. Allstate Insurance Co.*, 603 F.Supp. 113, 116 (N.D.Ga.1984), the federal district court reconciled the disparity in the third element of the arson defense listed by the state court of appeals in *Fortson* and *Braner* as follows: "Whether phrased as 'opportunity' (the *Fortson* language) or 'unexplained circumstantial evidence' the Georgia courts are insisting that evidence of incendiary origin and motive by themselves are not sufficient to establish an arson defense; there must be in addition some evidence which would link the suspect to the arson."

The plaintiffs and Federal agree that the first of the *Fortson/Braner* elements is met in this case: the evidence clearly establishes that *someone* intentionally set the fire at Shorty's Steakhouse. Federal, however, also contends that a genuine issue of material fact exists as to the elements of motive and opportunity (and/or unexplained surrounding circumstantial evidence implicating the plaintiffs) so as to render improper the district court's grant of summary judgment on the issue of liability. Specifically, Federal points to the drop in profits experienced by the restaurant in the year preceding the fire, the difference in the market value of the restaurant and the amount of insurance coverage, and ongoing efforts to move the restaurant to the

North Valdosta Road location as creating an issue of material fact as to the plaintiffs' motive. Further, Federal cites the following factors as creating a question of fact as to the "opportunity" or "unexplained surrounding circumstantial evidence" prong of the arson defense: 1) that the doors of the building were all locked, the windows closed, and the four keys all in the possession of the owners and employees of Shorty's; 2) that conflicting statements were given as to when a pawn shop owned by David Crockett (son of E.W. Crockett, Jr., alleged alter ego of East Park) was moved from the building occupied by Shorty's; 3) that the inventory of Shorty's was purposely depleted just before the fire; and 4) that Hugh R. "Shorty" Segars, owner of Shorty's, gave inconsistent or untruthful statements on several points.

Reviewing the evidence and factual inferences in the light most favorable to Federal as the party opposing the summary judgment motion, we agree with Federal that this case is an improper one for resolution by summary judgment. Arson is always difficult to prove, particularly when done by a professional arsonist, as appears to be the case here. Enough evidence has been presented in this case, however, that a jury should pass on the issues of motive and opportunity and/or unexplained surrounding circumstantial evidence implicating the insureds.

As to the insureds' motive, the evidence establish that Virginia Cribb d/b/a Shorty's Steakhouse reported net profits of $35,376.00 on her 1981 federal income tax return, and net profits of $17,930.00 on her return for 1982, the year just prior to the fire. Further, the only evidence offered by either party as to the market value of the building, the tax appraisal, lists the building at $83,230.00, whereas the building was insured for $120,000.00. Although the policy covered the cost of replacing the building if it were indeed replaced, the difference between the coverage limits and the market value of insured property indicates what insureds would realize from intentionally burning the property rather than selling it. *See King v. Pennsylvania Millers Mutual Insurance Co.*, 1984 Fire and Casualty Cases 425, 428 (Tenn.Ct.App.1984). This factual situation of value might be immaterial if in fact adduced evidence would show a practice or pattern of assessing property at less than actual value. Additionally, evidence exists that E.W. Crockett, Jr. and/or East Park owned some, if not all, of the land surrounding the insured property, constituting a land package that would stay intact in the event of a fire but not if the restaurant were sold. The evidence of declining profits, insurance coverage in excess of market value, and the ownership of the surrounding land increases in significance in light of the evidence detailing attempts by Segars over a thirteen year period to develop the North Valdosta Road property that is presently the site of Shorty's Steakhouse.[1] We agree with Federal that the facts create a possible inference that plaintiffs viewed the North Valdosta Road property as a more desirable location for Shorty's Steakhouse and that arson would make available insurance proceeds to subsidize the move. In sum, a question of material fact exists to the insureds' motive.

As for the opportunity or unexplained surrounding circumstantial evidence element of the arson defense, chief among the evidence is that the doors to the building were locked, no sign of forced entry existed, the fire began from within the building, and the only keys were in the possession of Segars, Cribb, and two Shorty's employees.

---

1. The property in question was owned by Crockett and Segars until 1972, when Segars deeded his one-half undivided interest to Comstat Leasing, a corporation owned by Crockett. In October 1982 the property was surveyed and divided with one tract conveyed to Crockett, and the other tract conveyed to Comstat and then transferred to Shorty's Famous Steakhouse, Inc. on November 30, 1982. Segars took various actions towards building on the property in the early 1970's and in 1979–80, before the restaurant was moved to the insured location. Also, on December 31, 1982, the day before the fire, Shorty's Steakhouse incurred an expense on the North Valdosta Road property for "landing privilege."

Fire reconstruction expert Dowling concluded that the arsonist had a key to the building. Access to one of a limited number of keys of a building that was found locked after fire had begun has been held to contribute to an inference of opportunity or unexplained surrounding circumstantial evidence implicating the insureds. *See, e.g., Don Burton, Inc. v. Aetna Life & Casualty,* 575 F.2d 702, 707 (9th Cir.1978); *Boone v. Royal Indemnity Co.,* 460 F.2d 26, 28 (10th Cir.1972); *Precision Printers, Inc. v. Central Mutual Insurance Co.,* 175 Ga.App. 890, 891, 334 S.E.2d 914, 915–16 (1985). Also, the evidence indicates that E.W. Crockett, Jr.'s son David moved his pawn shop out of the insured premises prior to the fire, although disagreement exists among the insureds as to when David Crockett actually moved. E.W. Crockett, Mrs. E.W. Crockett (an officer of East Park), Virginia Cribb, and Shorty Segars each stated that David Crockett moved at least two months before the fire. David Crockett, however, told Detective Ricks that he had moved out December 14, 1982—seventeen days before the fire. That David Crockett moved out of the premises just prior to the fire creates a permissible inference that he was acting on inside information in making the move. Moreover, that the plaintiffs gave inconsistent accounts as to when David Crockett moved makes it appear that they felt they had something to hide, creating an issue of credibility for the jury. Further, Virginia Cribb told Mr. Foy Taff, an adjuster for Federal, that at the time of the fire there was very little inventory on hand at the restaurant and that they had purposely depleted their inventory. Although plaintiffs argue that any depletion in inventory was on account of the upcoming three-day holiday, we conclude that at least a question of fact exists as to why the inventory was low on the eve of the fire. Finally, inconsistent or untruthful statements made by Shorty Segars as to whether he had ever increased the policy limits of the insured premises, the significance of the North Valdosta Road property, and when he had that property put in the name of Shorty's Steakhouse create an issue for the jury as to whether Segars was trying to cast suspicion from himself.

Plaintiff East Park argues that even if this court decides that summary judgment was inappropriately granted as to Shorty's, the grant of summary judgment as to East Park should still be upheld. East Park asserts that Federal "has failed to show any evidence that linked East Park, Inc., its alter ego [E.W. Crockett, Jr.] or its primary shareholder [Mrs. Crockett], to the fire...." We think, however, that Crockett's long business relationship with Segars coupled with the questions surrounding David Crockett's move from the insured premises preclude granting summary judgment to East Park as well as to Shorty's.

Because questions of fact exist as to both the second and third prongs of Federal's arson defense, we reverse the district court's order granting summary judgment and remand the case for a trial on all issues except those pertaining to the personal property. In light of our resolution of the case we need not address the issue of Federal's objections to the district court's summation of the contingent settlement agreement.

## III. CONCLUSION

The district court's grant of partial summary judgment on the issue of liability for the damage to the real property is REVERSED and the case REMANDED for further proceedings consistent with this opinion.