A91A1796. BAKER v. THE STATE.
(416 SE2d 295)

BIRDSONG, Presiding Judge.

Vaughn Baker was convicted of child molestation of his step-daughter. On April 8, 1990, when the offense occurred, the child was eight years old. Her mother had been fixing Easter baskets in another room of their small house when she noticed a "quietness"; she walked into her daughter's bedroom and found her husband Vaughn Baker in the act of molesting her daughter. On appeal of his conviction, Baker enumerates five asserted errors below. *Held*:

1. Appellant raises three alleged errors for which he says we should reverse the jury's guilty verdict. On careful examination, we conclude these errors, if they were errors, were caused by or actively encouraged by appellant's trial counsel to such degree as to amount to the inducement of prejudice and error by appellant's counsel. In addition to finding inducement of error under authorities cited infra, we find it highly probable that any error, even such as might rise to constitutional proportions, did not contribute to the verdict of guilty. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133). Appellant's wife caught him in the act of molesting the child; the child confirmed she was molested by appellant, and stated that when she tried to get off the bed and run away, appellant "slapped [her] back down again." In view of the independent evidence of guilt, it would be a perversion of justice to reverse the jury's verdict on account of errors which were plainly created and provoked by appellant to the extent shown in this case, and would encourage defense counsel in the creation and error and confusion for the purpose of guaranteeing a reversal on appeal. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Carpenter v. State*, 167 Ga. App. 634, 641 (307 SE2d 19); see *Cauley v. State*, 130 Ga. App. 278, 286-288, 290-293 (203 SE2d 239).

(a) Appellant contends the trial court erred in refusing to allow him to enter his plea of not guilty on the indictment which went out with the jury. We find the issue raised by appellant at trial to be illusory.

The transcript shows that after the court had charged the jury, defense counsel said: "Let me look at the indictment, if I may. I'm not sure we have signed it. (Pause) No we haven't." The trial court inquired: "You haven't entered your plea of not guilty?" The State's attorney asserted that appellant "waived that when he announced ready for trial." Counsel said it was prejudicial to let the indictment go to the jury without appellant's plea on it; the trial court asked why the indictment had not been "signed" by appellant, and counsel stated: "We've never been arraigned. We waived arraignment."

The error asserted and argued by appellant is that he was not permitted physically to enter his plea on the indictment before it was sent out with the jury, which created a prejudicial impression on the jury, and that he may call such "defect" to the court's attention before the indictment goes out with the jury. See *Moore v. State*, 153 Ga. App. 511 (265 SE2d 821); *Bunn v. State*, 150 Ga. App. 294 (257 SE2d 364).

We find no law providing that the defendant must be allowed to enter and sign his plea on the indictment himself. OCGA § 17-7-96 provides: "The arraignment and plea . . . shall be entered on the indictment or accusation by the prosecuting attorney. . . ." The signature of the defendant is not required on the plea entered on the indictment. *Brantley v. State*, 121 Ga. App. 79 (172 SE2d 852). The back of the indictment in this record shows clearly that on August 21, 1990, prior to trial, the district attorney entered and signed this statement: "The Defendant Vaughn Baker waives being formally arraigned and pleads not guilty." This satisfies the requirements of the statutes and the rights of appellant at trial. See *Tarver v. State*, 95 Ga. 222 (21 SE 381).

(b) During deliberations, the jury emerged with three questions: "Are the medical records available? . . . Could the defense have brought the records to court as evidence? . . . Is the [video]tape of the girl available for us to see?" The trial court, State's attorney and defense counsel debated extensively the meaning of the jury's question: "Are the medical records available?" and the implications of any possible answer. At length, it was decided that actually no one knew whether medical records of an examination of the child had ever been made, but that this was not the question asked by the jury, and therefore absolute honesty towards the jury required the answer: "The medical record is not available for the jury." Having settled upon that answer, the trial court, State's attorney and defense counsel determined that since the jury must be honestly told such records were not "available," then in perfect honesty the only fair answer to the jury's second question was: "If a medical record had been made of the examination, the defense could have brought that into court as evidence." The third question was answered: "The [video]tape is availa-

ble. If you want to see it, let me know."

Appellant contends the answers to the first two questions shifted the burden of proof to defendant. We agree that no burden of proof could be placed upon the defendant to produce medical records. Having told the jury that medical records were not "available," it was pointless for the trial court to say that if the records had been available, defendant could produce them. The trial court could not have answered these questions to imply that if medical records were exonerating, the defendant could have (i.e., should have, or would have) brought them in. But since the second question was made pointless by the trial court's answer to the first, we fail to see where any harm was done to appellant. Moreover, both the State's attorney and defense counsel asked witnesses whether they knew of any medical records, and all answered no. There was in fact no basis in the testimony to allow the jury to conclude that there were medical records, and the trial court's answer gave none. The jury was well charged on the burden of proof and could reasonably conclude that if there had been incriminating medical records the State would have produced them. In fact, the jury was told "the medical record is not available to the jury," so according to the trial court's answer, there was nothing appellant could have brought to court. Defense counsel participated fully in the debate and composition of the court's answers to the jury's questions, and although he was at first in favor of saying "the evidence is closed," he ultimately did not object to the answers as they went out and appeared to concur fully in the process and the form of answers. It would be wrong to reverse the verdict because of an error that could not logically have affected the jury's decision, and which the criminal defendant induced. See *Annis v. Tomberlin &c. Assoc.*, 195 Ga. App. 27, 34 (392 SE2d 717). Moreover, one cannot complain of a judgment, order or ruling that his own conduct aided in causing. *Wilburn v. State*, 199 Ga. App. 667, 669 (405 SE2d 889).

(c) In answer to the jury's third question, the trial court reopened the evidence and allowed the jury to view the video, despite the fact that the trial court had, during trial, refused to admit it because the State had not given defense counsel notice of intent to introduce it, and despite the fact that the videotape had evidently not been produced to defense counsel and defense counsel had not viewed it. The State assured the court and defendant that nothing prejudicial was in it, but appellant complains on appeal that the videotape contained some prejudicial mention of "dirty movies," and the evidence should not have been reopened during deliberations to admit it.

We find no grounds for complaint here. There were several objections defense counsel could have made to the admission of this videotape, on the same grounds by which he had prevented the trial court from introducing it at trial, but counsel made no objection whatever

to the jury's viewing of the videotape, except to question whether the evidence could be reopened after the jury began deliberations. As to this question, the law is against the position taken by appellant. *Childs v. State*, 257 Ga. 243, 255 (357 SE2d 48).

If there was any prejudicial material on this videotape, it was appellant's own conduct which invited it to be displayed to the jury. A criminal defendant, no more than a party to a civil proceeding, cannot stand mute when evidence is introduced or admitted which he knows may be prejudicial and harmful, and then assign error to it on appeal and gain a reversal. In this case, the defense had already kept this videotape out of evidence because counsel had not had notice of it and had not viewed it; to allow the admission of it later without objection to its nature was to invite error and create grounds for appeal. It was not error per se to reopen the evidence during the jury deliberations, and if there was anything prejudicial in this tape, this error was invited by appellant and is not assignable on appeal. *Precision Printers v. Central Mut. Ins. Co.*, 175 Ga. App. 890, 892 (334 SE2d 914).

2. Appellant complains that the trial court unduly restricted his cross-examination of the child, by erroneously relying upon *Hall v. State*, 196 Ga. App. 523 (396 SE2d 271), concerning the sexual abuse "accommodation syndrome." Appellant attempted to question the child about accusations of molestation he contended she had made against other persons, that is, to show "that this young lady has accused other people maliciously." The trial court discussed *Hall*, which held admissible evidence of prior molestation of the child victim by other family members to show that the cause of that child's "syndrome" behavior was the abuse by persons other than defendant.

The trial court did not prohibit appellant from cross-examining the child about other molestation or molestation by others. The court advised appellant that if he brought up that matter as an attempt to show the "credibility" of this child, then the State would be allowed to introduce evidence of a previous molestation attempt by appellant; and the State advised appellant that it did have evidence of a previous molestation incident involving appellant which it would introduce. We see nothing inappropriate in the trial court's ruling, and in any case, appellant did successfully bring in the desired evidence through another adult witness.

3. Appellant is not entitled to a new trial on the general grounds of insufficiency of the evidence. The evidence in this case is sufficient to convince a rational trier of fact of appellant's guilt of the offense charged beyond a reasonable doubt, according to the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., Cooper, Andrews, JJ., and*

*Judge Arnold Shulman concur. Beasley, J., concurs specially. Sognier, C. J., Carley, P. J., and Pope, J., dissent.*

BEASLEY, Judge, concurring specially.

I concur in Divisions 1 (a), 2 and 3.

I concur in Division 1 (b) because the defendant participated in the framing of the answers and, when the court repeated the answers which it intended to give to the jury and asked if defendant had any objection, none was voiced. Furthermore, the issue of whether the answers to the first two questions were burden-shifting is raised for the first time on appeal, which is too late. *Nicely v. State*, 197 Ga. App. 206, 207 (3) (397 SE2d 630) (1990); *Anthony v. State*, 197 Ga. App. 297, 299 (3) (398 SE2d 580) (1990). See *Foshee v. State*, 256 Ga. 555, 556 (2) (350 SE2d 416) (1986). Not even new grounds can be raised on appeal. *Hoover v. State*, 198 Ga. App. 481, 482 (3) (402 SE2d 92) (1991); *Bailey v. State*, 198 Ga. App. 632, 633 (1) (402 SE2d 363) (1991). The instructions were not such as are accommodated by OCGA § 5-5-24 (c) because they do not shift the burden of proof.

Division 1 (c) addresses defendant's third enumeration, that the court erred in reopening the evidence and submitting the video and in denying a mistrial. After the answers to the jury's three questions had been framed, defendant indicated no objection even to the answer to the third question, that the tape is available and that if the jury wanted to see it, to let the court know. Before the jury returned, the court advised defendant that if the evidence were reopened to see the tape, the court would reopen the evidence and allow defendant to put up other evidence if he desired to do so. No objection was made to this plan. Then after the tape was shown and a motion for mistrial, made on the ground that prejudicial material was contained in it, was denied, defendant did not seek to put up any other evidence. Because of this context, I concur with the majority.

POPE, Judge, dissenting.

1. I must dissent to Divisions 2 and 3 of this opinion. With regard to Division 2, I cannot agree that the answers the trial court gave to the first two questions submitted by the jury during their deliberations constitute harmless error in this case. The first question posed by the jury was: "Are the medical records available?" It is obvious from the way that question is phrased that the jury assumed that there were medical records based on the testimony offered at trial by the State's witnesses concerning the examination of the victim at a hospital after the alleged molestation. Although the attorneys for the parties were not certain if there were medical records of the examination, the answer sent to the jury that "[t]he medical record is not available for the jury" did not relay their uncertainty. Indeed, the an-

swer implied there were medical records, but the jury would not receive them.

The jury's second question, "Could the defense have brought the records to court as evidence?" indicates that the jury did not understand the court's charge and thought the defendant had a duty to present evidence at trial and that he should have introduced the records of the medical examination of his stepdaughter if the records would have exonerated him or aided his defense. The trial court responded: "If a medical record had been made of the examination, the defense could have brought that into court as evidence." Since the answer to the first question implied that there were medical records, and the answer to the second question made it clear that the defendant could have presented any medical records as evidence, I cannot agree with the majority that no harm was done to defendant. Absent a reminder to the jury that the State has the burden of proving each element of the crime charged and that the burden never shifts to the defendant to prove his innocence, the answers to these questions constituted impermissible burden shifting. See generally *Swint v. State*, 199 Ga. App. 515, 516 (1) (405 SE2d 333) (1991).

The special concurrence presumes that this court is barred from considering this issue because it was not preserved by the defendant below. The law is well-established in this state, however, that defendants in criminal cases are exempt from the strict requirements of preserving error from the court's instruction to the jury when the erroneous instruction is clearly harmful and erroneous as a matter of law. OCGA § 5-5-24 (c); *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397) (1973); *Carr v. State*, 183 Ga. App. 36 (3) (357 SE2d 816) (1987); *Sosebee v. State*, 169 Ga. App. 370, 372 (3) (312 SE2d 853) (1983). Certainly, instructions to the jury that have the effect of shifting the burden of proof to defendant rise to this level, and consequently, this error must be considered by the court.

2. As indicated in Division 3 of the majority opinion, in response to the jury's third question, "Is the tape of the girl available for us to see?," the trial court reopened the evidence and allowed the jury to view the tape, even though the trial court had earlier refused to allow the State to present the tape because the State had not given defense counsel notice of intent to introduce it, and despite the fact that the videotape had not been produced to defendant. After the jury was told that the tape was available, they requested to see it. Although the State assured the defendant and the court that it contained no prejudicial material, it did in fact contain prejudicial material concerning "dirty" movies.

The majority simply finds that the admission of this prejudicial material is harmless error because the defendant did not renew his objection to the admission of the tape after the jury requested to see

it. The Georgia Supreme Court, however, recently held that objections to illegal evidence can be made anytime before the case is submitted to the jury. *Mable v. State*, 261 Ga. 379 (1) (405 SE2d 48) (1991). Furthermore, a defendant should not have to continuously object to evidence that has been ruled inadmissible.

Although the majority opinion does not mention this pertinent fact, defendant moved for a mistrial after the tape was viewed. The trial court denied that motion. "Whether a mistrial is necessary to preserve the defendant's right to a fair trial is a matter within the discretion of the trial judge. [Cit.]" *Tyler v. State*, 198 Ga. App. 685, 687 (1) (402 SE2d 780) (1991). "When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982).

In this case, the trial court simply denied defendant's motion for mistrial without any curative instruction to the jury. Under the facts of this case, the trial court's failure to take any action to cure the admission of prejudicial evidence constitutes an abuse of discretion and reversible error.

In sum, the trial court should have granted the defendant's motion for mistrial, or at least issued a curative instruction to the jury concerning the prejudicial evidence contained in the videotape. Furthermore, the trial court's response to the first two questions posed by the jury impermissibly shifted the burden to defendant to come forward with exonerating evidence. For these reasons, this case should be reversed and remanded for a new trial.

I am authorized to state that Chief Judge Sognier and Presiding Judge Carley join in this dissent.

DECIDED JANUARY 24, 1992 —
RECONSIDERATION DENIED FEBRUARY 19, 1992 —

*Neil A. Smith, James T. Irvin*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.