## 57457. BUNN v. THE STATE.

SMITH, Judge.

Appellant appeals from a judgment entered on a jury verdict finding him guilty of child abandonment, a misdemeanor. We affirm.

1. The motion to dismiss is denied.

2. Appellant contends the accusation upon which the conviction was entered was void because it was not supported by an affidavit. We disagree. "[D]efendants in criminal cases in the state court of Spalding County may

be tried upon written accusation, setting forth plainly the offense charged, which accusation shall be signed by the prosecutor or the prosecuting officer of the said state court." Ga. L. 1897, pp. 462, 467, as amended. The applicable statute not requiring an affidavit, appellant's contention the accusation was void is meritless. *Young v. State,* 146 Ga. App. 167 (3) (245 SE2d 866) (1978); *Maddox v. State,* 145 Ga. App. 212 (1) (243 SE2d 636) (1978).

3. Appellant urges that, because he had never entered a plea and issue was never joined, the trial court erred in entering judgment upon the verdict. We find no error. "The law of this State is well settled that a defendant may waive arraignment and plea by failure to call the attention of the court to this defect in the proceedings at the proper time, and when it does not appear that he made any mention of the fact until after verdict he is conclusively presumed to have done so." *Sellers v. State,* 82 Ga. App. 761, 763 (62 SE2d 395) (1950).

4. Appellant asserts that the trial court erred in entering judgment because the record does not indicate he expressly or impliedly waived his right to counsel. That assertion presents no reason for reversal, for the state professes and appellant does not deny that he was in fact represented by counsel in the trial court.

5. The proceedings and testimony below were not transcribed, and, a transcript being necessary for our consideration of appellant's final enumeration of error, we find it to be without merit. See *Woods v. Canady,* 126 Ga. App. 389 (2) (190 SE2d 920) (1972).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MARCH 13, 1979 — DECIDED JUNE 13, 1979.

*Weiner & Weiner, Paul S. Weiner,* for appellant.
*John T. Newton, Jr., Solicitor,* for appellee.