## A90A1319. WARREN v. THE STATE.
(397 SE2d 484)

CARLEY, Chief Judge.

Appellant and a co-indictee were jointly tried before a jury for the offense of burglary. The jury found appellant guilty of burglary and the co-indictee guilty of theft by taking. Appellant then secured new counsel who filed a timely motion for new trial. Appellant now appeals from the denial of his motion for new trial and from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant's trial counsel did not move to sever appellant's trial from that of the co-indictee. In his motion for new trial, appellant cited this as demonstrating that he had been denied the effective assistance of trial counsel. The trial court's failure to grant the motion for new trial on this ground is enumerated as error.

A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). The trial court's finding in the instant case is not clearly erroneous. The decision whether to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective. *Louis v. State*, 185 Ga. App. 472, 474 (3) (364 SE2d 607) (1988).

2. After appellant's arrest but before trial, counsel for the State apparently received a letter wherein appellant claimed to be a "first offender." At trial, appellant took the stand in his own defense. On his direct examination, he did not open the character door but, on his subsequent cross-examination, appellant did volunteer that he had two previous convictions for driving under the influence. However, appellant did not imply that this constituted the entirety of his previous criminal record and the State did not thereafter limit its subsequent cross-examination of appellant to the topic of his two previous convictions for driving under the influence. Instead, over objection, the State was allowed to shift the entire focus of appellant's cross-examination to the pretrial letter that he had sent to counsel for the State. Appellant was required to explain that he believed that his claim of "first offender" status in that letter had been true because he had never previously been charged with commission of a burglary. Despite appellant's explanation that his letter was intended to be a claim of "first offender" status only as to burglarly, the State still insisted on further pursuit of the topic of appellant's previous convictions and appellant was asked if he was a first offender for "[a]nything else?" Appellant responded: "Just the DUI[s]." The State, over objection, was then allowed to introduce for impeachment purposes a certified copy of appellant's prior conviction for theft by taking. On this record, appellant urges that the State was improperly allowed to place his character into issue.

When appellant volunteered on cross-examination that he had two previous convictions for driving under the influence, the State could have pursued the limited topic of those two prior convictions. *Jones v. State*, 257 Ga. 753, 759 (1a) (363 SE2d 529) (1988); *McDaniel v. State*, 248 Ga. 494, 495 (3) (283 SE2d 862) (1981). However, the State did not do so. Had appellant implied that those two offenses comprised the entirety of his prior criminal record, the State could have proved that that was false. *Jones v. State*, supra at 759 (1b).

However, appellant's testimony did not give this impression and the State was, therefore, not entitled to prove his prior conviction for theft by taking under this theory of impeachment. What the State was allowed to do after appellant admitted having two prior convictions for driving under the influence was to shift the focus to appellant's pretrial claim of "first offender" status and, based upon cross-examination as to that claim, to introduce his prior theft by taking conviction for impeachment purposes. Accordingly, the issue presented for resolution is whether appellant's voluntary admission of his two prior convictions for driving under the influence authorized the State to use appellant's pretrial claim of "first offender" status as a means to secure the introduction of his theft by taking conviction for impeachment purposes.

OCGA § 24-9-83 provides, in relevant part, that "[a] witness may be impeached by *contradictory statements* previously made by him as to *matters relevant to his testimony and to the case.*" (Emphasis supplied.) However, appellant's pretrial letter was not itself admissible as an impeaching prior inconsistent statement. Appellant's voluntary admission at trial that he had two prior convictions for driving under the influence was in no way contradictory of his prior claim of "first offender" status. Driving under the influence is a misdemeanor, not felony. OCGA § 42-8-60. Moreover, appellant's status as a "first offender" was in no way relevant to any jury issue in the case but would be relevant only to the sentence imposed by the trial court should the jury find appellant guilty. Accordingly, by permitting the State to shift the focus of appellant's cross-examination to his pretrial letter, the trial court erroneously allowed the State, over appellant's objection, to pursue a topic which had no relevancy whatsoever for impeachment or any other proper purpose. See generally *Duke v. State*, 256 Ga. 671, 672 (1) (352 SE2d 561) (1987).

It follows that the State was, therefore, erroneously allowed to engage in a "line of cross-examination [which] was obviously an endeavor to compel [appellant] to respond to questions which placed his character in issue and which insured an excuse for the State's introduction of evidence of [appellant's] prior criminal record." *Arnold v. State*, 193 Ga. App. 206, 207-208 (2) (387 SE2d 417) (1989). Appellant had two choices when he was asked whether he was a first offender for "[a]nything else?" He could have admitted his prior conviction for theft by taking and impeached himself or he could have lied and then have the State impeach him. Although appellant chose to lie, he never would have been put to that choice had the trial court not erred in allowing the State to interject the irrelevant topic of appellant's pretrial claim of "first offender" status. "We disapprove of [the State's] endeavor and adhere to the rule that the State cannot rebut or question the presumption of a defendant's good character unless the de-

fendant first *chooses* to place his character in issue. To say otherwise, would render meaningless one of the primary objectives of OCGA § 24-9-20 (b), to preserve the presumption of a defendant's innocence. [Cit.] Consequently, since [appellant] did not voluntarily elect to place his character in issue, the trial court erred in allowing the State to attempt to impeach [appellant] and place his character in issue through the introduction of evidence of [his] prior criminal record. [Cits.]" *Arnold v. State,* supra at 208 (2). Appellant is entitled to a new trial wherein his prior conviction for theft by taking will not be admitted under the erroneous guise that it is permissible impeaching evidence.

3. In the absence of testimony as to the specifics of any hearsay conversation, the arresting officers were otherwise correctly allowed to explain that their arrest of appellant had been based upon a tip received from a confidential informant. Compare *Black v. State,* 190 Ga. App. 137 (1) (378 SE2d 342) (1989).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 21, 1990.

*Robert G. Jones III,* for appellant.
*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assistant District Attorney,* for appellee.