## A93A1325. WILLIAMS v. THE STATE.
(439 SE2d 11)

COOPER, Judge.

Appellant was convicted by a jury of kidnapping with bodily injury, robbery by intimidation, possession of less than one ounce of marijuana and criminal use of an article with an altered identification mark. Appellant appeals from the denial of his motion for new trial.

1. Appellant argues that the evidence was insufficient to support the conviction. The victim testified that he was an acquaintance of both appellant and the co-defendant and that one night, at the request of the co-defendant, he rode with appellant and the co-defendant to purchase some marijuana. Upon arriving at their destination, the victim got out of the car and went across the street to purchase the marijuana. While he was gone, appellant and the co-defendant discussed a plan whereby they would steal the marijuana from the victim and beat him so that he would be reluctant to report the inci-

dent to the police. When the victim returned to the car, appellant and the co-defendant told him they needed to drive to a friend's house to get the money for the marijuana. However, unbeknownst to the victim, appellant and the co-defendant were actually planning to follow through with their plan to steal the marijuana. The co-defendant drove with the victim in the passenger seat and appellant in the back seat to a secluded location where he stopped the car. Appellant got out of the car, went to the front passenger window and flashed what appeared to be a police badge at the victim. Appellant told the victim he was under arrest and pulled him out of the car, ripping off his shirt. Appellant and the co-defendant made the victim take off all of his clothes and lie face down on the ground. Appellant and the co-defendant kicked and hit the victim, and appellant held a metal pipe to the victim's head to make the victim believe it was a gun. Appellant and the co-defendant took the remainder of the marijuana from the victim and left the victim in the woods. When he was sure that appellant and the co-defendant were gone, the victim walked through the woods to a nearby house where he called the police. Several days later, appellant and the co-defendant were arrested while riding around in the co-defendant's car. A substance which subsequently tested positive for marijuana and a gun with the serial number scratched off were found in the car. The co-defendant testified and admitted his participation in the scheme. He also testified that he and appellant had smoked marijuana earlier in the day and that the gun belonged to appellant. Appellant argues that the evidence failed to show kidnapping because the victim went willingly with appellant and the co-defendant. However, the victim only consented to going with appellant and the co-defendant to find their friend so that they could get the money to pay for the marijuana purchased by the victim. The victim did not knowingly and willingly consent to go with appellant and the co-defendant to the remote area of the woods where the co-defendant and appellant attacked and abandoned him. See *Peavy v. State*, 159 Ga. App. 280 (1b) (283 SE2d 346) (1981). Also, even though the co-defendant admitted that the marijuana found in the car belonged to him, he testified that he and appellant had smoked some earlier that day. We conclude that the evidence was sufficient for a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations of error, appellant contends that he was denied the effective assistance of counsel, citing 24 alleged deficiencies in his trial counsel's performance. "*Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), establishes the benchmarks for determining whether trial counsel's representation of a defendant in a criminal case was so deficient as to result in the

denial of the defendant's right to assistance of counsel under the Sixth Amendment. *Strickland* requires a convicted defendant complaining of ineffective assistance of counsel to make a two-part showing. Under *Strickland's* first component, the defendant must show that counsel's representation 'fell below an objective standard of reasonableness.' [Cit.] In regard to this component, *Strickland* emphasizes that counsel's 'overarching duty' is 'to advocate the defendant's cause . . . to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.' [Cit.] In determining whether the defendant has established that counsel's performance was constitutionally deficient, the court should keep in mind that 'counsel's function . . . is to make the adversarial testing process work in the particular case.' [Cit.] 'Counsel has a duty to make reasonable investigations.' [Cit.] Moreover, the defendant must 'overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ' [Cit.]" (Punctuation omitted.) *Jowers v. State*, 260 Ga. 459, 461-462 (2) (396 SE2d 891) (1990).

(a) Appellant argues that he was denied the effective assistance of counsel because his trial counsel was subsequently disbarred. The record reflects that appellant's case was tried in June 1991, and in July 1992, his trial attorney was disbarred. See *In the Matter of William G. Posey*, 262 Ga. 326 (419 SE2d 21) (1992). "Alleged acts of professional misconduct in unrelated matters and cases fail to establish inadequacy or prejudice to this appellant arising out of this criminal prosecution. [Cit.]" *Robinson v. State*, 210 Ga. App. 278 (435 SE2d 718) (1993). We decline to hold that the subsequent disbarment of appellant's trial counsel rendered his previous representation of appellant ineffective. Appellant must still make the requisite showing under *Strickland* that his counsel's representation "fell below an objective standard of reasonableness."

(b) Appellant alleges that his trial counsel failed to introduce evidence on his behalf. The record reveals that after the State rested its case, appellant's counsel conferred with appellant and announced to the court that the defense would present no evidence. " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. . . .' [Cit.]" *Nolan v. State*, 204 Ga. App. 170, 172 (419 SE2d 72) (1992). Appellant's trial counsel did not testify at the hearing on appellant's motion for new trial. Although appellant testified, he did not articulate any specific defense which his counsel failed to raise. Thus, appellant failed to show "that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy. . . ." *Nolan*, supra.

(c) We find no merit to appellant's argument that his trial coun-

sel was deficient in not moving to disqualify the district attorney. The district attorney's wife knew the victim and the victim's mother and was called as a witness to testify about a conversation she had with the victim's mother and the investigating officer. We find no basis on which the district attorney should have been disqualified based on his wife's marginal involvement in the case.

(d) Appellant alleges that his attorney's performance was deficient because he did not submit any requests to charge. Upon review of the court's charge, it appears that the trial court covered all of the law applicable to the case. Appellant has not specifically stated what charge his attorney should have requested, and the failure to file written requests to charge does not, without more, make trial counsel ineffective. See *Randall v. State,* 207 Ga. App. 637 (428 SE2d 616) (1993).

(e) Three of appellant's alleged deficiencies arise from his attempted escape. The record reflects that during a recess appellant escaped but was captured approximately one-and-one-half hours later. Appellant contends that his attorney should have moved for a mistrial, that he should have voir dired the jury on their knowledge of the events and that he should not have suggested that appellant waive his presence during the remainder of the trial. Following the escape attempt, the trial judge gave appellant and his counsel time to confer. The only parts of the trial remaining were closing arguments and the court's charge. After conferring with appellant, appellant's attorney suggested that appellant be allowed to waive his presence for the remainder of trial. The trial judge questioned appellant about whether he understood his right to be present during the trial and the effect of his waiver of that right. Appellant indicated that he understood his right to be present and that he waived his presence because it was preferable to being in shackles. The record also reveals that one of the jurors saw the escape and was immediately sequestered from the other jurors. The trial judge spoke directly to appellant about whether he wanted that juror replaced with an alternate, and appellant stated that he agreed to the replacement of the juror. There is no evidence that any of the other jurors witnessed the events surrounding the escape. We find no merit to appellant's arguments that his counsel was in any way deficient in the way he handled the events following appellant's escape attempt.

(f) Appellant also argues that his counsel waived appellant's right to a *Brady* inspection. Specifically, appellant argues that certain inconsistent statements by the victim were not given to appellant. However, the record reveals that appellant's counsel filed a *Brady* motion, and that all exculpatory material was turned over to appellant's counsel. Moreover, the prosecutor stated in his place the nature of the victim's inconsistent statements. Accordingly, we find no merit to ap-

pellant's argument.

(g) Appellant's contention that during the voir dire his counsel should have moved to strike a parole officer for cause is without merit. The nature of a parole officer's work does not necessarily impute a possible bias to the parole officer which would require his excusal for cause. See *Culbertson v. State*, 193 Ga. App. 9 (386 SE2d 894) (1989).

(h) Appellant argues that his counsel failed to cross-examine the co-defendant about his plea agreement. Decisions on how to conduct cross-examination are matters of trial strategy within the exclusive province of trial counsel after consultation with his client. *Ruffin v. State*, 201 Ga. App. 792 (2b) (412 SE2d 850) (1991).

(i) Appellant contends that his counsel should have objected and moved for a mistrial when the co-defendant testified that his grandparents kicked him out of the house for hanging around with appellant. The record reflects that appellant's counsel promptly objected to the testimony, and the trial judge sustained the objection and instructed the jury to disregard it. We cannot conclude that the testimony placed appellant's character in issue such that a mistrial was required. See *Jacobson v. State*, 201 Ga. App. 749 (2) (412 SE2d 859) (1991).

(j) Similarly, we find no merit to appellant's argument that his counsel failed to object and move for mistrial when evidence was interjected regarding satanic worship. Contrary to appellant's argument, the record reveals that his trial counsel strenuously objected to the testimony. Although the trial judge overruled the objection, we find no deficiency in appellant's counsel's handling of the matter.

(k) Although appellant argues that his counsel failed to object to a videotape of the co-defendant's statement to police, the record reflects that appellant's counsel did object to the introduction of the videotape and argued zealously against its admission. The trial judge ruled out parts of the videotape but allowed other portions of the tape into evidence over the objection of appellant's counsel.

(l) Appellant alleges that his trial counsel was deficient in failing to have portions of the videotape transcribed. However, the record does not support appellant's contention that it was his counsel's conduct which resulted in the videotape not being transcribed. Furthermore, the tape was admitted into evidence as an exhibit, although appellate counsel has failed to include it as part of the record on appeal. Consequently, we find no merit to this argument.

(m) Appellant argues that his counsel failed to reserve objections to the charge of the court. However, a review of the trial court's charge reveals that it was complete and adequate, and appellant has failed to show any error in the charge. See *Argo v. State*, 192 Ga. App. 794 (3) (386 SE2d 545) (1989).

(n) Appellant's argument that his counsel failed to conduct any meaningful cross-examination is without merit. The record reflects that trial counsel cross-examined some witnesses and declined to cross-examine others. However, these matters were within the province of trial strategy. See *Ruffin v. State*, supra.

(o) Appellant contends that his counsel should have moved to sever the drug and gun charges from the kidnapping and armed robbery charges because the drug and gun offenses occurred on a different day than the kidnapping and armed robbery. Appellant has failed to show that the charges should have been severed, and we do not find any deficiency in his counsel's performance in declining to move for a severance of the charges.

(p) Appellant's argument that his counsel failed to object to evidence of appellant's juvenile parole is without merit inasmuch as there was no such evidence introduced. Although a witness employed by the Georgia Division of Youth Services testified that he was involved in an attempt to locate appellant and the co-defendant, this testimony did not rise to the level of placing appellant's character in issue. See *Jacobson*, supra at 751.

(q) Appellant's contention that his trial counsel should have requested a charge on equal access is without merit because such a charge was not warranted by the evidence.

(r) The record, which contains appellant's counsel's trial file, does not support appellant's contention that his counsel failed to adequately investigate the case.

(s) Appellant's argument that his counsel failed to present evidence at sentencing is without merit. Appellant was convicted of kidnapping with bodily injury and received the mandatory life sentence pursuant to OCGA § 16-5-40 (b).

(t) Appellant alleges that his counsel failed to protect his right to arraignment, but fails to support this allegation with argument or citation of authority. Thus, this enumeration is deemed abandoned pursuant to Court of Appeals Rule 15 (c).

(u) Appellant also contends that his counsel failed to interview defense witnesses. Appellant has not shown how any witness alleged to have not been interviewed would have been favorable to his defense, and we find no merit to his argument. See *Evans v. State*, 207 Ga. App. 358 (427 SE2d 837) (1993).

(v) Finally, appellant's argument that his counsel failed to discuss the case with him is not supported by the record. Appellant testified during the hearing on the motion for new trial that his counsel visited him at the jail and discussed the case. It is also apparent from the trial transcript that trial counsel discussed various aspects of the case with appellant.

For the foregoing reasons, we find appellant's claim of ineffective

assistance of counsel to be without merit.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 5, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993 — 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Jackie Stanton, Assistant District Attorney*, for appellee.