A95A1568. HARRIS v. THE STATE.
A95A1569. McGILL v. THE STATE.
(462 SE2d 425)

BEASLEY, Chief Judge.

Both Harris (Case No. A95A1568) and McGill (Case No. A95A1569) appeal after being convicted of armed robbery. OCGA § 16-8-41 (a).

1. Harris contends the verdict was against the weight of the evidence and that the verdict was contrary to the evidence and law. Allegations of error concerning the weight of the evidence are addressed to the trial court alone. *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988). This court will address only the legal sufficiency of

the evidence under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The victim testified Harris drove a car with several occupants and stopped near where the victim was standing. Harris then handed a gun to McGill, who was in the back seat; McGill exited the car, placed the gun to the victim's head, and told him to relinquish his jewelry. McGill snatched the victim's necklaces off his neck, returned to the car, and Harris drove it away. A friend of the victim was standing next to him at the time of the robbery and testified to the same effect, although he stated he did not see Harris hand the gun to McGill.

When arrested at his home, Harris produced the gun from his car pursuant to a consent to search. A defense witness who had been in the car at the time of the robbery testified that he had seen the gun at Harris' home earlier on the day of the robbery. This witness also testified he saw no robbery, the gun was not in the car at the time of the incident to his knowledge, and Harris could not have handed McGill a gun without him seeing it happen. Three other occupants of the car also testified Harris had not given McGill the weapon and they had seen no robbery. In all, there were six or seven persons in the car at the time of the robbery.

Harris gave an in-custody statement in which he said "Rico got the gun" and committed the robbery. For the State's case-in-chief it was redacted to read "someone got the gun." McGill's first name is Rico. The statement also said Harris drove off after he saw the robbery. No witness at trial testified that Harris drove off leaving McGill at the scene.

Harris' in-custody statement and the testimony of witnesses other than the victim simply created a conflict in the evidence, requiring the jury's resolution. *Cantrell v. State*, 210 Ga. App. 218, 219-220 (1) (435 SE2d 737) (1993). The evidence was sufficient to support Harris' conviction. *Jackson v. Virginia*, supra; see *McWhorter v. State*, 198 Ga. App. 493 (1) (402 SE2d 60) (1991).

2. Both Harris and McGill contend the court should have severed their trials. McGill filed a motion to sever, and Harris joined in it at the hearing. McGill's written motion addressed Harris' in-custody statement, termed it inculpatory of McGill, and stated severance was appropriate to uphold his right of confrontation. *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); see also *Kesler v. State*, 215 Ga. App. 553, 554-555 (1) (451 SE2d 496) (1994). As presented by the State, Harris' redacted statement did not inculpate McGill. " '(E)vidence of the confession of a co-defendant implicating a defendant cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross examination.' [Cit.] The implication of another defendant

must be direct. It is not a *Bruton* violation if the redacted confession identifies the defendant only through the jury's making connections with other evidence and drawing inferences. [Cit.]" *Walker v. State*, 213 Ga. App. 407, 413 (7) (444 SE2d 824) (1994). As there were six or seven persons in the car, the statement that "someone" took the gun and committed the robbery did not directly implicate McGill.

McGill contends a *Bruton* violation did occur when the arresting officer testified that Harris had implicated McGill in his statement. It was McGill's questioning about Harris' statement that first produced the information that the statement specifically implicated McGill. The redacted statement did not present a *Bruton* violation, and McGill cannot complain that one was created by his questioning. *Smith v. State*, 258 Ga. 181, 182 (1) (366 SE2d 763) (1988).

3. McGill asserts that the court abused the discretion granted in OCGA § 17-8-4 when it denied the motion to sever without considering: "(1) Whether a joint trial will create confusion of evidence and law; (2) whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and (3) whether the co-defendants will press antagonistic defenses. [Cit.]" *Dennard v. State*, 263 Ga. 453, 455 (5) (435 SE2d 26) (1993).

When making a motion to sever, "[t]he burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process. [Cit.]" Id. " '[I]n the absence of this showing the trial court's denial of the motion to sever will not be disturbed. [Cits.]' [Cit.]" *Adams v. State*, 264 Ga. 71, 73 (3) (440 SE2d 639) (1994).

McGill did not make any such showing in his written motion or suggest at the hearing he was prepared to make a showing. It was McGill's trial strategy that produced the information that Harris had implicated McGill. The motion to sever rested solely upon the problem addressed in *Bruton*. (See also *Owens v. State*, 193 Ga. App. 661, 662 (3) (388 SE2d 712) (1989), relied upon in McGill's motion.) As discussed in Division 2, the statement as redacted did not present a *Bruton* violation, and McGill could not then be prejudiced by its introduction. Nor does the fact that the statement introduced an element of antagonism between the co-defendants require reversal; "[a]ntagonism between co-defendants . . . is not enough in itself to require severance, rather appellant must also demonstrate that he was harmed by the failure to sever. [Cit.]" *Dennard*, supra at 455 (5). This McGill has failed to do.

4. Similarly, Harris' argument that antagonism of defenses between himself and McGill required severance does not warrant reversal absent a showing of prejudice. He claims prejudice arose by his

being tried with McGill when evidence would show McGill held a gun to the victim's head. As this act of McGill's, as well as the companion-ship of Harris and McGill, would necessarily be presented against Harris in a separate prosecution for armed robbery, the argument fails.

*Judgments affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 11, 1995.

*Jones & Gilson, Joseph W. Jones, Jr.*, for appellant (case no. A95A1568).

*Thomas R. Morgan, Jr.*, for appellant (case no. A95A1569).

*Peter J. Skandalakis, District Attorney, David S. McLaughlin, Assistant District Attorney*, for appellee.