## A95A2120. MITCHELL v. THE STATE.
(469 SE2d 707)

RUFFIN, Judge.

Louis Mitchell was convicted of armed robbery and kidnapping in connection with the robbery and abduction of a woman from her home at gunpoint. He appeals from the judgment of conviction and sentence following the denial of his motion for new trial. In his sole enumeration of error, Mitchell contends he was denied effective assistance of counsel at trial because his attorney failed to move to sever his trial and failed to cross-examine certain witnesses regarding his alibi defense. Because both the alleged deficiencies involve trial strategy and tactics and Mitchell failed to show prejudice, we affirm the trial court's judgment.

The evidence shows that two men approached the victim outside her home at approximately 10:00 p.m. One of the men, later identified

as Tony Walker, held a pistol to the victim's head and demanded that she remove her coat, jewelry and wallet. Walker then dragged her to a waiting car. Walker pushed the victim into the back seat with another passenger, and he sat in the front seat. The driver, later identified as Mitchell, then drove around the area for several minutes, during which time Walker continued to point his gun at the victim as the passenger fondled her. When the victim attempted to resist the passenger, Walker hit her with the gun. Eventually, the men pushed the victim out of the car. Later that evening, the victim gave the police a description of the car, the gunman, the driver and the passenger.

Three days later, a policeman spotted a car that matched the victim's description containing Mitchell, Walker and a third man. Once again, Mitchell was driving the car, and Walker was in the front passenger seat. The police questioned the men, removed them from the car and retrieved a handgun from under the front seat which, according to the victim, resembled the gun Walker used during the robbery. Mitchell and Walker were then arrested. The victim identified them in a photographic lineup and at trial. They were jointly indicted and tried for armed robbery, kidnapping and aggravated assault. Both men were convicted of the first two offenses and acquitted of aggravated assault.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.] Here, [Mitchell] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] 'To establish ineffective assistance of counsel, (a defendant) must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. (Cits.)' The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. [Cit.]" *Jones v. State*, 217 Ga. App. 722, 723-724 (2) (458 SE2d 894) (1995).

Mitchell first contends his trial counsel failed to move to sever his case and that as a result, there was a possibility that the jury considered all the evidence collectively as to both defendants, unfairly prejudicing his ability to obtain a trial based solely on the evidence presented against him. Without citing to the record, Mitchell also contends that certain testimony regarding Walker's prior involvement in drug activity may have been unjustly attributed to him even though there was no evidence that he was ever previously involved in any criminal activity.

"The decision whether to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective. [Cit.]" *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Furthermore, Mitchell

has not demonstrated that severance would have been granted even had a motion been filed. Such decisions are within the discretion of the trial court, and a defendant must " 'do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.' . . . [Cit.]" *Johnson v. State*, 208 Ga. App. 747, 749 (2) (431 SE2d 737) (1993). Mitchell "has complained, but has not shown by the record, that the joint trial has created confusion of the evidence and law applicable to each defendant . . . and that the defendants' defenses were antagonistic." Id. Moreover, although the trial court failed to instruct the jury to restrict its consideration of evidence admitted solely against Walker to him alone, in light of the overwhelming evidence of Mitchell's guilt as a party to the crimes of which he was convicted, it is highly unlikely that evidence regarding Walker's prior drug involvement affected the verdict. Therefore, we find that Mitchell failed to establish the requisite prejudice to his defense to support his claim of ineffective assistance of counsel based on his attorney's failure to file a motion to sever.

Mitchell also contends his trial counsel failed to cross-examine certain witnesses which could have corroborated his testimony and supported his alibi defense. He testified at trial that on the evening of the robbery and kidnapping, he was at home playing cards with Walker and other friends and that at the approximate time of the robbery, he was in his bedroom with a female friend. Walker testified that he was drinking at his home and never left the house that evening. In his appellate brief, Mitchell alleges that counsel failed to question witnesses to demonstrate that he left the main area of the house for several hours and went to his room at the time of the robbery and abduction.

"Decisions on how to conduct cross-examination are matters of trial strategy within the exclusive province of trial counsel after consultation with his client. [Cit.]" *Williams v. State*, 211 Ga. App. 393, 397 (2) (h) (439 SE2d 11) (1993). In addition, by failing to proffer the witnesses' expected testimony at the hearing on his motion for new trial, Mitchell did not establish how counsel's failure to cross-examine them affected the outcome of his case. "[T]he failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant. [Cit.] Because [Mitchell] failed, at the hearing on his motion for new trial, to make any proffer of the . . . witnesses' testimony, it is 'impossible for [him] to show there is a reasonable probability the results of the proceedings would have been different. (Cit.) . . . (I)t cannot possibly be said . . . that . . . the . . . witnesses would have testified favorably to [Mitchell].' [Cits.]" *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991).

The foregoing demonstrates that Mitchell failed to establish that his trial counsel's performance fell below reasonable standards of professional conduct or that his defense was prejudiced by that performance. Thus, we find no error in the trial court's denial of Mitchell's motion for new trial.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 20, 1996.

*Ingrid D. Bedgood*, for appellant.

*Lewis R. Slaton, District Attorney, Suzanne W. Ockleberry, Carl P. Greenberg, Assistant District Attorneys*, for appellee.