### A96A1757. PIERRE v. THE STATE.
(476 SE2d 829)

Judge Harold R. Banke.

Maxime Pierre was convicted of theft by receiving a motor vehicle, obstruction of an officer, armed robbery, kidnapping, and aggravated assault. Following the denial of his motion for new trial, Pierre enumerates two errors.

Pierre and two co-defendants were indicted for several crimes occurring over a three day span. Pierre and one co-defendant, Eugene Hall, were tried together. Pierre faced a six count indictment while Hall faced two additional counts of aggravated assault.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Pierre no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows. After victim Glenn Williams left Pierre's apartment, Hall approached him in the parking lot. Hall pulled a gun, pointed it at the victim, and demanded money. Although Hall pulled the trigger, the gun inexplicably failed to discharge. The victim struggled with Hall and as he attempted to escape, Hall fired four to five times, striking the victim in the wrist. It is undisputed that Pierre did not participate in these crimes and was neither indicted nor tried for them. Shortly after midnight, about 48 hours after the shooting, Pierre and another perpetrator robbed and kidnapped a cabdriver at gunpoint. Less than three hours after the commission of these crimes, Cobb County Police Officer R. C. Jones pursued a suspected stolen vehicle in which Pierre was an occupant. Pierre and three others leaped from the car and disappeared before Jones could apprehend them. Jones was able to positively identify Pierre. Items belonging to the cabdriver, victim of the armed robbery just a few hours earlier, were discovered in the stolen vehicle. Recovered were the victim's purse, fanny pack, wallet, and a receipt in her name. When Pierre was arrested a few hours

later, the money found in his pants pocket was organized in the same manner as the cabdriver described and matched the approximate amount stolen.

At trial, the cabdriver was unable to identify either of her assailants. She testified that she picked up two male passengers and one got into the front seat and the other seated himself behind her. As she was driving, the man behind her put his left hand around her neck, inserted a gun into her ear and demanded money which she gave him. She heard and felt the click of the gun in her ear, but it failed to fire. The man next to her also brandished a gun and after grabbing her fanny pack, he struck her in the face and head with the gun. One of the occupants of the stolen vehicle, Monroe Owens, made a statement to police which he subsequently retracted at trial, that Pierre and Hall told him they had robbed a taxicab driver. *Held*:

1. Pierre contends that his trial counsel was ineffective for failing to move to sever Counts 7 and 8 of the indictment which charged only co-defendant Hall with two counts of aggravated assault. See *Hayes v. State*, 182 Ga. App. 26, 28 (1) (354 SE2d 655) (1987). The trial court's finding that a defendant has not been denied effective assistance of counsel must be affirmed unless it is clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Pierre must show not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). The test is whether there is a reasonable probability that the jury would have reached a different verdict, absent the error of counsel. *Jones v. State*, 217 Ga. App. 722, 723-724 (2) (458 SE2d 894) (1995).

The decision whether to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective. *Warren*, 197 Ga. App. at 24 (1). Further, Pierre must do more than raise the possibility that a separate trial would have given him a better chance of acquittal. *Mitchell v. State*, 220 Ga. App. 264, 266 (469 SE2d 707) (1996). Pierre must make a clear showing of prejudice and a consequent denial of due process. Id. Pierre has not shown any evidence that the joint trial created confusion concerning the evidence and law applicable to each defendant and that the defendants' defenses were somehow antagonistic. See id. Moreover, in light of the overwhelming evidence of guilt as to the crimes for which he was convicted, it is highly unlikely that the evidence involving only Hall, affected the verdict. Under

these facts, Pierre failed to show the requisite prejudice to his defense to support his claim of ineffective assistance of counsel and failed to show any reasonable probability that the jury would have reached a different result had the counts been severed. *Jones*, 217 Ga. App. at 723-724.

2. We reject Pierre's contention that his convictions for armed robbery and aggravated assault merged. Aggravated assault is not a lesser included offense of armed robbery as a matter of law. *Ramsey v. State*, 183 Ga. App. 344, 345 (1) (358 SE2d 902) (1987). In this case, the evidence showed that after the completion of the offense of armed robbery, Pierre struck the cabdriver in the head and face with a gun.[1] Nor was the same evidence used to establish both offenses. *Kennedy v. State*, 199 Ga. App. 803, 804 (3) (406 SE2d 136) (1991).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 2, 1996.

*Carlton C. Carter*, for appellant.

*Thomas J. Charron, District Attorney, Beth T. Golub, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

---

[1] Because the jury acquitted co-defendant Hall of the armed robbery, kidnapping and aggravated assault of the cabdriver, the jury must have concluded that it was Pierre who struck her in the head.