## A98A2050. GOMILLION v. THE STATE.
### (512 SE2d 640)

ELDRIDGE, Judge.

A Richmond County jury found Wade Gomillion guilty of armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and giving a false name. Gomillion appeals, contending that he received ineffective assistance of counsel at trial.

In a light most favorable to the verdict,[1] the record shows that two males approached a young couple who had been to dinner at the Riverwalk in Augusta. As the males passed the couple, one male punched the young man in the face, dropping him to the ground. The other male held a gun on the young woman and demanded her black backpack. She complied. After taking the backpack, the two males ran from the area.

The couple immediately informed a policeman who was nearby and provided a description of the perpetrators. The policeman was a motorcycle patrol officer. He mounted his motorcycle and set off in the direction in which the perpetrators fled. Almost immediately, the officer spotted two males who fit the description given by the victims. Both males were running and one was carrying a black backpack. The two males saw the motorcycle officer and hid in some bushes behind a building. The officer called for backup while watching the bushes. When multiple patrol units arrived with sirens and lights

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

activated, the two males in the bushes broke and ran. They were apprehended in the middle of Broad Street and transported in separate patrol cars to Riverwalk for identification.

The female victim positively identified appellant Gomillion as the man who held the gun on her, demanded her backpack, and ran. She identified the backpack which was recovered near the bushes where Gomillion had been hiding. The gun was also recovered. The male victim positively identified Gomillion's co-defendant, Kevin Parkman, as the one who punched him in the face, picked up the backpack, and ran. At arrest, Gomillion told police that his name was "Antonio Rodriquez Adams." *Held*:

1. Gomillion's appellate counsel was appointed after the trial court had denied Gomillion's motion for new trial. Counsel immediately filed a notice of appeal with this Court in order to protect Gomillion's right of appeal as to potential errors related to the denial of the motion for new trial. Thereafter, counsel filed a "motion to stay appeal," so that he could raise a claim of ineffective assistance of trial counsel in the court below and develop the record thereon. See *Herndon v. State*, 229 Ga. App. 457 (494 SE2d 262) (1997). We denied such motion because the "stay" of appeal process outlined in *Herndon v. State* was overruled in *Howard v. State*, 233 Ga. App. 724, 729 (505 SE2d 768) (1998).[2]

It bears reiteration that, on direct appeal of an order denying a motion for new trial, this Court will determine the merits of the asserted enumerations of error related thereto. If an appellant raises a claim of ineffective assistance of trial counsel, and we can decide such claim upon the record *as a matter of law*, we will resolve it. *Brundage v. State*, 208 Ga. App. 58, 60 (430 SE2d 173) (1993) (Beasley, P. J., concurring specially); *Anderson v. State*, 218 Ga. App. 872 (463 SE2d 502) (1995); *Wright v. State*, 211 Ga. App. 474, 477-478 (440 SE2d 27) (1993). If a claim of ineffective assistance of trial counsel cannot be decided as a matter of law upon the existing record, *and* the record supports appellate counsel's contention that direct appeal was the first opportunity to raise such claim, we will enter judgment on the appeal as to the claims raised pursuant to the denial of the motion for new trial, and remand to the trial court *solely* for a determination of the ineffectiveness claim. *Davitt v. State*, 232 Ga. App. 427, 429 (502 SE2d 300) (1998). Thereafter, "[i]f the trial court finds that [appellant] did not receive effective assistance of counsel, a new trial is required. If the trial court finds that [appellant] did have effective assistance, [appellant] shall have 30 days in which to initi-

---

[2] Jurisdiction cannot reside in two places at one time so as to permit a "stay" of a case in this Court and a remand of the same case to the trial court in order to decide an ineffective assistance of counsel claim.

ate an appeal of the trial court's ruling on the issue." *Davitt v. State*, supra at 429.

2. In this case the record shows that the instant appeal is the "earliest practicable moment" that appellate counsel could raise an ineffective assistance claim against trial counsel. *Porter v. State*, 258 Ga. 94 (365 SE2d 438) (1988). Accordingly, if Gomillion's claims cannot be resolved as a matter of law upon the existing record, the instant case must be remanded.

3. Gomillion contends that his trial attorney was ineffective because trial counsel allegedly (a) failed to move for severance from Gomillion's co-defendant; (b) failed to object to the introduction of prejudicial character evidence; (c) failed to file Requests to Charge or to reserve objection to the trial court's charge to the jury; and (d) failed to have Gomillion properly arraigned and to plead Gomillion "not guilty."

"[T]he proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)]. First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995).

Under the applicable legal standard as noted above, we have reviewed Gomillion's claims of ineffective assistance of trial counsel and the trial record upon which they are based. We will not remand this case. On the record in this case, Gomillion's claims are meritless as a matter of law.

(a) "The decision whether to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective. Further, [Gomillion] must do more than raise the possibility that a separate trial would have given him a better chance of acquittal. [Gomillion] must make a clear showing of prejudice and a consequent denial of due process." (Citations omitted.) *Pierre v. State*, 223 Ga. App. 43, 44 (476 SE2d 829) (1996).

Before this Court, Gomillion has put forward no legal basis for

the granting of a severance. Gomillion "has not shown any evidence that the joint trial created confusion concerning the evidence and law applicable to each defendant and that the defendants' defenses were somehow antagonistic. [Cit.]" Id. at 44. Far from antagonistic defenses, co-defendant Parkman took the stand and testified that Gomillion did *not* have a gun; that there was no intent to rob; that he did not know how the victim's backpack ended up in Gomillion's possession; and that neither Gomillion nor he ran from the police.

Moreover, Gomillion was apprehended almost immediately after the armed robbery. The victim's backpack was located in the same area Gomillion was found. The gun was also found in the same location. Within minutes of the crime, the victim positively identified Gomillion as the man who robbed her at gunpoint. Accordingly, "in light of the overwhelming evidence of guilt as to the crimes for which he was convicted, it is highly unlikely that the evidence involving only [Parkman], affected the verdict." Id. at 44.

Finally, while Parkman did give a statement to the police which was introduced at trial, Gomillion has failed to show that the statement was inadmissible. *Sebastian v. State*, 195 Ga. App. 346, 347 (393 SE2d 492) (1990). Parkman's statement was initially redacted to remove reference to Gomillion and thus provides no legal basis for severance. See *Harris v. State*, 218 Ga. App. 472, 474 (3) (462 SE2d 425) (1995). Further, there was no objection to Parkman's statement as redacted, and Parkman later took the stand to testify on his own behalf, making the issue of redaction moot.

Under these facts, Gomillion has failed as a matter of law to show the requisite prejudice to his defense to support his claim of ineffective assistance of counsel and has failed to show any reasonable probability that the jury would have reached a different result had the counts been severed.

(b) Trial counsel was not ineffective for failing to object to testimony regarding Gomillion's ownership of a gun and his custom of carrying such weapon. Contrary to Gomillion's conclusory contentions, gun ownership and carrying such weapon does not, by itself, impute bad character. OCGA §§ 16-11-129; 16-11-126 (c). Gomillion does not explain *how* the testimony about which he complains improperly placed his character in evidence, and it would appear that Gomillion's real objection to this testimony is its relevance to his ability to perpetrate an armed robbery because of the availability of a weapon. To that end, such testimony was relevant and objection would not be appropriate. See, e.g., *Richie v. State*, 258 Ga. 361, 362 (3) (369 SE2d 740) (1988); *Mantooth v. State*, 197 Ga. App. 797, 800 (5) (399 SE2d 505) (1990); *Perez v. State*, 182 Ga. App. 628, 629 (3) (356 SE2d 706) (1987).

Gomillion also claims that his attorney was ineffective for failing

to object to testimony by the arresting officer that jail personnel notified him of Gomillion's real identity: "The next day I was notified by the jail that, apparently, they were familiar with him and they were able to locate a picture of him." Contrary to Gomillion's contentions, this testimony provided no basis for objection. Gomillion gave the arresting officer a false name, and he was indicted for giving such false information. Accordingly, Gomillion, himself, made relevant the facts by which his real identity was discovered. "Evidence which incidentally puts character in issue may be admitted if otherwise relevant. [Cit.]" *Waldrip v. State*, 267 Ga. 739, 748 (11) (482 SE2d 299) (1997).

(c) Gomillion alleges that his attorney's performance was deficient because he did not submit any requests to charge. However, upon review of the court's charge, it appears that the trial court covered all of the law applicable to the case. The law regarding confessions as reflected in OCGA § 24-3-52 was not applicable since Gomillion's co-defendant testified at trial. See *Akins v. State*, 173 Ga. App. 797 (328 SE2d 413) (1985). "[T]he failure to file written requests to charge does not, without more, make trial counsel ineffective." *Williams v. State*, 211 Ga. App. 393, 396 (439 SE2d 11) (1993); *Jones v. State*, 263 Ga. 835, 837-838 (439 SE2d 645) (1994).

Gomillion also contends that his trial counsel was ineffective for failing to reserve objections to the jury charge. "Failure to object to a court's charge, however, is not ineffective assistance where the appellant does not show how this prejudiced his case." *Jones v. State*, supra at 838.

(d) Gomillion claims his attorney was ineffective for failing to ensure he was formally arraigned. However, in this case, as in most cases, arraignment was waived. See *Bunn v. State*, 150 Ga. App. 294 (257 SE2d 364) (1979); *Moore v. State*, 153 Ga. App. 511 (265 SE2d 821) (1980). Waiver of arraignment provides no basis for a claim of ineffective assistance of counsel when Gomillion does not claim he was unaware of the charges against him, which is the purpose of arraignment. *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983).

Also, when issue was joined and prior to sending the indictment to the jury, the prosecutor inadvertently circled "guilty" on the face of the indictment.[3] Gomillion contends that his attorney was ineffective for failing to ensure that his plea of "not guilty" was clear on the face of the indictment. However, the jury heard the evidence in this case, as well as the charge of the court. In that regard, the trial court charged the jury, "To this indictment the defendants have entered

---

[3] This was the prosecutor's error, not the defense attorney's. OCGA § 17-7-96.

their pleas of not guilty, and this makes up the issue which you are called upon to well and truly try. The indictment is not evidence, it is the charge of the State of Georgia made by and through the Grand Jury of this County and you should not consider the indictment as evidence in the trial of this case." It is well settled that "qualified jurors under oath are presumed to follow the instructions of the trial court." *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996). Gomillion has failed to demonstrate that, but for the prosecutor's error, there is a reasonable probability that he would have been found "not guilty."

Accordingly, Gomillion's claims of ineffective assistance of trial counsel fail as a matter of law.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 8, 1999.

*Joseph R. Neal, Jr.*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

