A01A0500. BOGAN v. THE STATE.
(547 SE2d 326)

ELDRIDGE, Judge.

A Houston County jury convicted Lewis Bogan of theft by receiving stolen property, aggravated assault, and robbery by sudden snatching in violation of OCGA §§ 16-8-7, 16-5-21, and 16-8-40 (a) (3), respectively. He was sentenced to 60 years confinement without parole. The defendant appeals from the superior court's denial of his motion for new trial, as amended, contending: (1) that the superior court erred because the evidence was insufficient to support his convictions; (2) that he was denied the effective assistance of counsel, and (3) that the superior court erred in granting the State's motion in limine as to cross-examination of the State's witnesses extending to any record of arrest, suspicion, or accusation of a crime or other evidence of bad character denying him his right to a thorough and sifting cross-examination on material impeachment evidence under *Davis v. Alaska,* 415 U. S. 308, 316 (94 SC 1105, 39 LE2d 347) (1974), as interpreted in *Kinsman v. State,* 259 Ga. 89, 91 (376 SE2d 845) (1989). Finding no merit in defendant's claims of error, we affirm. *Held*:

1. By his brief on appeal, defendant has neither argued nor provided citations of authority for the proposition that the jury verdicts against him for receiving stolen property and robbery by sudden snatching were not supported by sufficient evidence. Inasmuch as the defendant has abandoned the instant claim of error to the extent it was intended to reach these offenses, we address the instant claim

of error only in the context of the offense of aggravated assault by automobile. See Court of Appeals Rule 27 (c) (2); *Cline v. State*, 199 Ga. App. 532, 533 (1) (405 SE2d 524) (1991).

Viewed in the light most favorable to the verdict, the evidence shows that during the early morning hours of December 27, 1997, the defendant snatched a woman's purse in the parking lot of a Cracker Barrel restaurant located in Perry as she and her husband walked to the restaurant. The defendant ran. The husband pursued the defendant and managed to attach himself to the driver's side of the pickup in which defendant sped away. In an unprompted confession to his cellmate admitted at trial, the defendant stated that he nonetheless drove off, "dragging" the husband with him, managing to shake him from the vehicle, leaving him injured on the ground. Defendant was arrested in the afternoon of January 2, 1998, after he was found hiding in the darkened men's room of Hughes Auto Care in Perry — this upon a 911 call to the Perry Police Department from a Hughes Auto Care employee. The employee reported a suspected stolen vehicle in that he had overheard a conversation between a man who had driven a black, like-new, 1997 Toyota Tacoma to the shop and his employer in which the driver offered to sell the vehicle for only $1,500, although the vehicle appeared to be worth nearly ten times as much. Other evidence showed that the police confirmed the vehicle's status as stolen and found its ignition key in the restroom in which the defendant hid.

The offense of aggravated assault is committed when a person assaults another "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Since the offense of aggravated assault is inclusive of the elements of simple assault, *Cline v. State*, supra at 533 (2), an aggravated assault by automobile under OCGA § 16-5-21 (a) (2) is committed with a general intent to injure. *Watkins v. State*, 254 Ga. 267, 269 (328 SE2d 537) (1985); *Riddle v. State*, 145 Ga. App. 328, 329-330 (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). Further, while an automobile is not in and of itself a deadly weapon, it may become such a weapon dependent upon the circumstances attendant to its use. *Cline v. State*, supra at 534 (2); *Spaulding v. State*, 185 Ga. App. 812, 813 (1) (366 SE2d 174) (1988). "The question of whether an automobile, or other instrumentality, has been used so as to constitute a deadly or offensive weapon is properly for the jury's determination." Id.

That the defendant dragged the victim husband alongside his vehicle as he made his getaway from the scene of the Cracker Barrel purse snatching, ultimately doing his victim substantial injury by shaking him free of the car, is undisputed. On appeal, we neither weigh the evidence nor determine witness credibility. Rather, our duty is to determine the sufficiency of the evidence. *Elrod v. State*,

238 Ga. App. 80, 81 (1) (517 SE2d 805) (1999); *Davis v. State*, 225 Ga. App. 627 (1) (484 SE2d 655) (1997). The evidence here was sufficient to enable any rational trier of fact to find the defendant guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Spaulding v. State*, supra at 812-813 (1).

2. Defendant contends his trial counsel was ineffective for failing to interview witnesses in preparation for trial; for failing to file a motion to sever Count 1 of the indictment, receiving stolen property, from Counts 2 and 3 thereof, aggravated assault and robbery by sudden snatching, respectively; for failing to request jury charges as to reckless conduct and theft by taking as lesser included offenses of aggravated assault and robbery by sudden snatching, respectively; for failing to reserve defendant's right to object to the superior court's charge; and for failing to object to defendant's in-court identification in the absence of a ruling on his motion to suppress the pretrial photographic lineup shown to the husband and wife victims.

To prove the ineffectiveness of trial counsel, "a defendant must show that counsel's performance was deficient and that 'the deficient performance prejudiced the defense.'" *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "We must affirm a trial court's finding that a defendant has not been denied effective assistance of counsel unless it is clearly erroneous. [Cit.]" *Turner v. State*, 237 Ga. App. 642, 645 (4) (516 SE2d 343) (1999). "As a general rule, matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Milliken v. State*, 230 Ga. App. 810, 812 (2) (b) (498 SE2d 127) (1998).

(a) Defendant's trial counsel was not deficient for failure to interview witnesses in preparation for trial. By trial counsel's answers to defendant's first interrogatories, substituted by consent of the parties for a hearing on defendant's motion for new trial ("trial counsel's answers"), trial counsel admitted that he had not interviewed the State's witnesses. However, he otherwise attested that he was adequately prepared for trial after preparing for a month and that he was not unfamiliar with the testimony of the State's witnesses, having two times "read the [S]tate's file containing their information, statements." This does not establish deficient performance as counsel for inadequate trial preparation. *Cochran v. State*, 262 Ga. 106, 107-108 (2) (414 SE2d 211) (1992).

Trial counsel also attested he had not subpoenaed defendant's witnesses "Robby Hughes and Deputy Ford," because the husband and wife victims were unable to identify the perpetrator. While trial counsel conceded that during trial he felt the need for additional time to interview them, defendant does not support this aspect of his ineffectiveness claim by evidence showing that trial counsel's decision

not to seek a continuance was deficient as not legitimately a sound trial strategy. "The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered [a] sound trial strategy." (Citations and punctuation omitted.) *Cochran v. State*, supra at 107 (2).

(b) Defendant challenges as ineffective assistance of counsel the fact that his trial counsel failed to file a motion to sever the theft by receiving stolen property count from those charging him with aggravated assault and robbery by sudden snatching. However, "[t]he decision [not] to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective." *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). A defendant must do more than raise the possibility that separate trials upon the charges against him would have provided him a better chance of acquittal. *Mitchell v. State*, 220 Ga. App. 264, 266 (469 SE2d 707) (1996). Such a defendant must make a clear showing of prejudice proximately causing a denial of due process. Id. In his answers, trial counsel speculates that defendant might have been acquitted of the offenses of aggravated assault and robbery by sudden snatching had the superior court granted a motion to sever in this case. However, such speculation raises no more than a mere possibility, a showing which is insufficient in these circumstances. Id.; *Cochran v. State*, supra at 107.

(c) Trial counsel's failure to request charges on the offenses of theft by taking and reckless conduct as lesser included offenses of robbery by sudden snatching and aggravated assault did not constitute deficient performance as counsel. "[T]o pursue an all-or-nothing defense [is] a matter of trial strategy. [Cits.]" *Turner v. State*, supra at 645.

(d) Defendant also contends that his trial counsel was ineffective for failing to reserve objections to the jury charge. "Failure to object to a court's charge, however, is not ineffective assistance where the appellant does not show how this prejudiced his case. [Cit.]" (Punctuation omitted.) *Gomillion v. State*, 236 Ga. App. 14, 18 (3) (c) (512 SE2d 640) (1999). Defendant makes no such showing on appeal.

(e) Finally, the defendant fails in his claim that trial counsel was ineffective in not objecting to the in-court identification testimony of the husband and wife victims, the superior court not having ruled on his pretrial motion to suppress any in-court identification evidence.[1] Here, the husband and wife victims testified that the defendant and the perpetrator shared similar features; however, both were unable

---

[1] Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Jackson v. State*, 243 Ga. App. 289, 293 (3) (h) (531 SE2d 747) (2000).

to positively identify the defendant as the perpetrator in court. Likewise, the husband and wife testified that they had been unable to positively identify the defendant in the photographic lineup shown to them before trial. Beyond the absence of any in-court identification, the testimony of the husband and wife as to the perpetrator's identity was not otherwise inadmissible, since it was relevant on the question of the defendant's identity — whether to show that he was the perpetrator or to show that he was not. Under these circumstances, trial counsel's failure to object to the identification testimony cannot be considered deficient performance, since objection was not warranted. See *Bagwell v. State*, 270 Ga. 175, 178 (1) (c) (508 SE2d 385) (1998) (failure to object to otherwise relevant evidence not ineffective); *Gomillion v. State*, supra at 17-18 (3) (b). In any event, in light of defendant's admissions of record, prejudice is not shown under the second prong of *Strickland*.

3. The superior court's grant of the State's motion in limine did not deny the defendant his right to impeach the State's witnesses by a thorough and sifting cross-examination as to their prior arrests, offenses of which they had been suspected or accused, and other evidence of bad character. By its terms, the State's motion did not seek the suppression of such evidence in an absolute sense, as defendant argues by brief on appeal. Rather, by its terms, the motion sought to foreclose only such impeachment as defendant could not show to be admissible in an out-of-court hearing.[2] Moreover the record reflects that the superior court and the parties were mindful of the right of a criminal defendant to cross-examine concerning *"pending* criminal charges against the witness in order to expose the witness' motivation in testifying, e.g., bias, partiality, or agreement between the government and the witness. *Davis v. Alaska*, [supra at 316-317]; *Hines v. State*, [supra at 259-260]." *Johnson v. State*, 244 Ga. App. 128, 131 (1) (534 SE2d 480) (2000). In this regard, defendant, following extensive testimony on direct to the same effect, was permitted an unimpeded cross-examination of the cellmate through whom his jailhouse confession was admitted. There is no indication in the record that defendant could not have further exercised his right of cross-examination for the purpose of demonstrating in a like manner the partiality of any of the State's witnesses. Accordingly, the superior court did not err in granting the motion in limine. Even were this not the case, any error would be harmless for want of prejudice inuring to the detriment of the defendant. *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992) ("An appellant must

---

[2] Pertinently, the State's motion in limine request[ed] that defendant be prohibited from discussing any of the State's witnesses' prior arrests, having been suspected or accused of committing any crimes, or any other basis of "bad character," absent a showing, outside the presence of the jury, that such areas are legitimate areas that can be explored by [d]efendant.

show harm as well as error to prevail on appeal; error to be reversible must be harmful. [Cits.]").

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 15, 2001 —
RECONSIDERATION DISMISSED APRIL 13, 2001.

*Grantham & Peterson, William M. Peterson,* for appellant.
Lewis Bogan, *pro se.*
*Kelly R. Burke, District Attorney, Elaine L. Smith, Assistant District Attorney,* for appellee.